**Alfred Earl McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–082–CR.**

Court of Appeals of Texas,
At Waco.

Feb. 11, 1982.

E. Neil Lane, Cook & Lane, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant was convicted of aggravated robbery, enhanced by one prior felony conviction, for which he was sentenced to not less than five nor more than forty years confinement in the Texas Department of Corrections.

On March 19, 1978, appellant entered a grocery store in Houston, and robbed the owner at gunpoint. A witness wrote down the license number of the car appellant drove, and the registration information led police officers to the apartment of appellant's brother-in-law where appellant was arrested.

In November 1978, appellant entered a plea of nolo contendere, waived a jury trial and was given an eighteen year sentence by the court. Thereafter, appellant filed a motion for new trial which was granted. Appellant was tried before a jury in January 1979 and found guilty; the jury assessed punishment at forty years.

Appellant's first ground of error asserts the trial court erred in overruling appellant's application for writ of habeas corpus which was based on the state's failure to bring him to trial within the time permitted under Articles 32A.01 and 32A.02 of the Code of Criminal Procedure. And, by way of pro se brief, appellant contends he was deprived of a speedy trial.

The record contains no application for writ of habeas corpus. Appellant's failure to secure an adequate record is not the fault of the state and appellant cannot now complain about the omissions from the record. *Stockton v. State,* Ct.Crim.Appls., 487 S.W.2d 69. Furthermore, even had the application been included in the record, it

would be of no benefit to appellant. The state had 120 days from the effective date of the Speedy Trial Act, July 1, 1978, in which to announce ready. *Wade v. State*, Ct.Crim.Appls, 572 S.W.2d 533. The date of the alleged habeas corpus petition was September 27, 1978, the 89th day. Thus, the application was premature and groundless at the time it was filed and, therefore, was properly overruled.

In addition, appellant's plea of nolo contendere was equivalent to a guilty plea and waived rights afforded under the Speedy Trial Act. *Fleet v. State*, Ct.Crim. Appls, 607 S.W.2d 257, 258. Also, when "a defendant is to be retried following... an order granting a new trial... a criminal action commences for purposes of this article on the date of the... order granting a new trial." Art. 32.02, Sec. 2(b), Code of Criminal Procedure. Appellant's trial following the order granting the new trial was well within the 120 days.

Secondly, appellant contends the trial court erred in overruling his motion to quash the indictment which described the property taken in the robbery only as "corporeal personal property." Appellant's reliance on *Ex Parte Canady*, Ct.Crim.Appls, 563 S.W.2d 266 is misplaced in that Canady was decided under the prior penal code. Under current law, Penal Code, §§ 29.02 and 29.03, an indictment for aggravated robbery need not describe the property taken in the robbery. *Robinson v. State*, Ct. Crim.Appls, 596 S.W.2d 130, 134; *Ex Parte Lucas*, Ct.Crim.Appls, 574 S.W.2d 162, 164.

In his pro se brief, appellant challenges the sufficiency of the evidence to sustain the conviction. Three persons who were present at the robbery scene identified appellant in court as the person who committed the crime. One witness had written the license number of the appellant's getaway car. This information led police to the apartment of the car's owner, appellant's brother-in-law, where appellant was found. The car, which was parked outside the apartment, had a warm engine and was parked in a different place than where the brother-in-law had parked it the night before. The appellant matched the physical description that witnesses had given of the robber. The brother-in-law, the only other male in the apartment, in no way resembled the described robber. We conclude the evidence sufficient to sustain the conviction.

Appellant further contends he was twice tried for the same crime, and thus, the conviction is void as a violation of the double jeopardy clause. Appellant was advised by his attorney to plead nolo contendere to the charge and in return for his plea, appellant was sentenced by the court to not less than five nor more than eighteen years. Later, appellant asked that he be given a jury trial because, he asserted, his attorney had not fully explained to him the ramifications of the plea. The court granted his motion for new trial. The first conviction was vacated when the court granted appellant's motion for a new trial. There is nothing in the record to support the contention that the second trial was barred by virtue of the double jeopardy provision of Art. I, § 14 of the Texas Constitution. *Alberts v. State*, Ct.Crim.Appls, 458 S.W.2d 83, 84–85. Furthermore, rendition of a higher punishment by a jury upon retrial does not violate the double jeopardy clause and does not offend due process so long as the jury is not informed of the prior sentence, and the second punishment is not otherwise shown to be a product of vindictiveness. *Weeks v. State*, Ct.Crim.Appls, 521 S.W.2d 858, 863–864.

It is asserted appellant had ineffective assistance of counsel. Rather than reflecting that counsel was ineffective, the record indicates the appellant's trial attorney was quite thorough in his preparation of the case and in safeguarding appellant's rights. The ground of error is without merit.

Appellant's remaining points in his pro se brief are without merit and are overruled.

AFFIRMED.