Leslie **TENERY**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–83–490–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 1, 1984.

Eric Brown, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and GONZALEZ and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the offense of murder. The jury assessed punishment at confinement in the Texas Department of Corrections for fifty (50) years and a fine of $5,000.00. The sufficiency of the evidence is not challenged on appeal. We affirm.

Appellant was indicted for the offense of murder on January 20, 1983. In his first trial, the jury, after having found appellant guilty of murder, assessed punishment at confinement in the Texas Department of Corrections for twenty-five (25) years and a fine of $10,000.00. On May 25, 1983, appellant filed his Amended Motion for New Trial alleging, among other things, prosecutorial misconduct during jury argument. After hearing evidence and argument of counsel, the trial court vacated appellant's judgment of conviction, and granted his Amended Motion for New Trial because of "unintentional improper jury argument."

At the second trial, the jury found appellant guilty of the offense of murder and also assessed punishment at 50 years' confinement in the Texas Department of Corrections and a fine of $5,000.00. Appellant brings forward eight grounds of error on appeal.

■ In his first ground of error, appellant contends that the trial court erred in overruling his special plea of double jeopardy prior to the second trial. *See* TEX. CODE CRIM.PROC.ANN. arts. 27.05 and 27.07 (Vernon Supp.1984).[1] By his special

plea, appellant alleged that he had been previously placed in jeopardy for the same offense in his second trial. He also alleged that the trial court granted the new trial because of prosecutorial overreaching or intentional conduct on the part of the prosecutor wherein, during jury argument at the guilt/innocence phase of the trial, the prosecutor allegedly pointed at the appellant and called him a "Son-of-a-Bitch." In addition, during the punishment phase of the trial, the prosecutor allegedly referred to appellant's plea for leniency as "a bunch of crap." Appellant's plea of double jeopardy was overruled prior to the second trial on October 31, 1983.

■ The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense. U.S. Const. Amend. 5. *See also* TEX.CONST. art. I, § 14. Ordinarily, a motion by the defendant for mistrial is assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). Only where the government conduct in question is "intended to provoke the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). "The important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error." *Id.*

■ Whether the exception (i.e., intentional government overreaching) extends to

1. The Special Plea under arts. 27.05 and 27.07 (Vernon Supp.1984) is a mechanism for avoidance of reconviction, not retrial, and, in its limited function, it falls short of the protections extended to criminal defendants by the double jeopardy clause of the Fifth Amendment as applicable to the states through the Fourteenth Amendment. *Robinson v. Wade*, 686 F.2d 298, 302 (5th Cir.1982); *see Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

situations where, as here, an earlier prosecution culminated in a jury verdict only to be set aside by an order of new trial is a matter of some doubt. The uncertainty arises from the established principle that "the successful appeal of a judgment of conviction, *on any ground other than the insufficiency of the evidence to support the verdict,* poses no bar to further prosecution on the same charge." *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *see Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *United States v. DiFrancesco,* 449 U.S. 117, 130–31, 101 S.Ct. 426, 433–34, 66 L.Ed.2d 328 (1980). Similarly, when the trial proceeds to its conclusion despite a legitimate claim of seriously prejudicial error, the Double Jeopardy Clause will present no obstacle to a retrial if the conviction is reversed on appeal. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *Durrough v. State,* 620 S.W.2d 134, 139 (Tex.Crim.App.1981).

In the present case, the alleged prosecutorial misconduct did not result in a mistrial. Appellant complains of the following jury argument by the prosecutor (Mr. Babcock) at the guilt/innocence phase of the trial:

"... Folks, you have got one thing to do in this case. I am going to ask you one thing. What is justice in this case? What is justice? That is what the bottom line is in this case. The tombstone reads Anthony Bernard Stein. *He had a right to live, and no stupid chunk [sic], son of a bitch like this guy has a right to take his life away.* I don't care if that guy is in Goofie's Lounge or whether he is on Hewit Drive, everybody has a right to live...."

Appellant's counsel contends that he did not object to the prosecutor's argument at the time it was made for the reason that he was "paralyzed with shock," and "couldn't believe that it had occurred." Additionally, appellant complains of the following jury argument at the punishment phase of the trial:

"... MR. BABCOCK: Whatever you do, you hit that guy up for a ten-thousand-dollar fine, ten thousand dollars. Every day that he—whatever time you put him in prison, I want him to think every day that he is going to have to put another dollar, five dollars toward paying for the things he has done, pay for this. I wish the law would provide that a man can go to prison for twenty-five years and pay a fifteen-thousand-dollar fine to the family in restitution. I wish that we had a provision for that, but we don't. But it is high time the people who start committing those crimes start paying back in more ways than one. He may not have much money, but brother, you are going to have to pay for it. *The society gets fed up. We get fed up with all of this crap. We get fed up with—....*"

At this instance, appellant did object to the language used by the prosecutor throughout the arguments. The trial court admonished Mr. Babcock and had him apologize to the jury for that remark, which Babcock did. The trial court then granted appellant's instruction to disregard these statements, and *denied his motion for mistrial.*

Appellant contends on appeal that the granting of the new trial in appellant's case was attributable to prosecutorial overreaching. Specifically, appellant contends that the prosecutor's conduct at the first trial, through "gross negligence or intentional misconduct," caused aggravated circumstances to develop which seriously prejudiced the appellant. Therefore, appellant argues that, since a mistrial should have been declared by the trial court on its own at the first instance of misconduct, and the new trial was necessitated because of the trial errors, this was sufficient to trigger preclusion of retrial. We disagree.

■ We hold that appellant's second trial for the same offense is not barred by virtue of the Double Jeopardy Clause of the Fifth Amendment or the related provision of the Texas Constitution. Appellant's first conviction was vacated when the trial

court granted appellant's motion for a new trial. *See Alberts v. State,* 458 S.W.2d 83 (Tex.Crim.App.1970); *Mahavier v. State,* 644 S.W.2d 129, 134 (Tex.App.—San Antonio 1982, no pet.); *McGee v. State,* 629 S.W.2d 182, 184 (Tex.App.—Waco 1982, no pet.). Even assuming the narrow exception applied to this case, we cannot say on the facts here presented that the misconduct assigned by appellant constituted prosecutorial overreaching sufficient to bar appellant's retrial. *See Robinson v. Wade,* 686 F.2d at 309. There is no question but that the new trial came about as a result of prosecutorial error. However, the evidence clearly supports the trial court's finding of "unintentional improper jury argument." *See Anderson v. State,* 635 S.W.2d 722 (Tex.Crim.App.1982); *Chvojka v. State,* 582 S.W.2d 828, 830–31 (Tex.Crim.App.1979). We hold that the trial court properly overruled appellant's plea of double jeopardy. Ground of error number one is overruled.

█ In appellant's next four grounds of error, he contends that, for various reasons, the trial court erred by entering in the judgment and sentence an affirmative finding that a deadly weapon was used in the commission of the offense.[2] Appellant's first contention is that the trial court erred in finding that a firearm was used in the commission of the offense because that issue was not submitted to the jurors, who were the exclusive triers of fact in this case. The indictment charged, in pertinent part, that appellant:

"... did then and there intentionally and knowingly cause the death of an individual, Anthony Bernard Stein, *by shooting him with a firearm.*" (Emphasis added.)

The only theory of guilt submitted in the court's charge was that the appellant intentionally or knowingly caused the death of the individual by shooting the individual "with a firearm." The verdict, signed by the foreman, read: "We, the Jury, find the Defendant, Leslie Tenery, guilty of the of-

fense of Murder, as alleged in the indictment."

█ The verdict necessarily included a finding that the appellant committed murder by shooting the individual with a firearm. Therefore, the jury's verdict reflects an affirmative finding that a firearm was used in the commission of the offense. *Ex parte Moser,* 602 S.W.2d 530, 533 (Tex. Crim.App.1980); *see Chavez v. State,* 657 S.W.2d 146 (Tex.Crim.App.1983); *Ex parte Thomas,* 638 S.W.2d 905 (Tex.Crim.App. 1982). The jury's verdict, based upon the indictment, authorized the inclusion in the judgment of a finding of use of a firearm. However, we do find that the trial court erred in entering its finding in the judgment rather than the jury's finding, but this is an error in the judgment which may and will be corrected by this Court.

█ In compliance with art. 42.12, § 3f(a)(2), this Court has the power to reform and correct the judgment as the law and nature of the case may require, TEX. CODE CRIM.PROC.ANN. art. 44.24(b), and because we have before us the same information for reforming or correcting the judgment as the trial court would have should we reverse and remand, we hereby reform and correct the judgment to reflect the fact that the jury, not the trial court, made the affirmative finding. *See Barecky v. State,* 639 S.W.2d 943, 945 (Tex. Crim.App.1982); *Reed v. State,* 649 S.W.2d 357 (Tex.App.—Fort Worth 1983, no pet.). Accordingly, we order that the affirmative finding entered in the judgment, to wit: "... and Court further finds that a firearm was used during the commission of offense, ...." be stricken from the judgment and substitute therefor the following: "and by its verdict, the jury made an affirmative finding that the defendant did use or exhibit a firearm in the commission of the offense of murder, ...."

█ Next, appellant invokes the collateral estoppel doctrine embodied in the Double Jeopardy Clause, and contends that the

2. A firearm is a deadly weapon per se. *Stewart v. State,* 532 S.W.2d 349 (Tex.Crim.App.1976);

TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974).

State is prevented from asking for and receiving the affirmative finding at appellant's second trial when the State failed to obtain the finding at appellant's first trial. Appellant correctly points out that the concepts of double jeopardy and collateral estoppel extend to the punishment phase of a trial. *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). Appellant then relies on the proposition that the State "is precluded from relitigating an issue of fact at a second trial or at a second punishment hearing where it failed to properly litigate that factual issue at the first trial or at the first punishment hearing." *Ex parte Augusta*, 639 S.W.2d 481, 485 (Tex.Crim.App.1982); *Cooper v. State*, 631 S.W.2d 508 (Tex.Crim.App.1982). Appellant's reliance on this proposition is misplaced.

█ Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Thus, two inquiries are necessary: (1) what facts were necessarily determined in the first lawsuit; and (2) *is the government trying to relitigate facts necessarily established against it at the first.* *See Dedrick v. State*, 623 S.W.2d 332, 336 (Tex.Crim.App.1981).

█ The State did not request it, and the judgment of the first trial did not recite an affirmative finding that a firearm was used in the commission of the offense. However, the jury found in the first trial, as well as the second trial, that appellant was guilty of murder "as charged in the indictment" (i.e., by shooting the individual with a firearm). The ultimate fact that a firearm was used in the commission of the offense was necessarily determined by the jury *in favor of the State* in both trials. Therefore, the State was not attempting to relitigate a factual issue already resolved against it. We hold the State was not estopped from requesting that the judgment reflect the affirmative finding of use of a firearm.

In another ground of error, appellant contends that the trial court erred in entering the affirmative finding because the State's request for such finding at the conclusion of the second trial was the result of prosecutorial vindictiveness. The record shows that the prosecutor at the first trial was Mr. Babcock. The record also shows that the attorney representing the State at the second trial was Ms. Gray. At the second trial, following announcement of the jury's verdict and sentencing in open court, Mr. Babcock requested the court enter an affirmative finding of use of a firearm, over appellant's objection. Appellant strongly contends that Mr. Babcock's actions at the second trial were the result of vindictiveness for appellant's successful urging of his motion for new trial following the first trial. We disagree.

█ We recognize the general principle that "rendition of a higher punishment by a jury upon retrial does not violate the Double Jeopardy Clause and does not offend due process so long as the jury is not informed of the prior sentence, and the second punishment is not otherwise shown to be a product of vindictiveness." *Weeks v. State*, 521 S.W.2d 858, 863–64 (Tex.Crim. App.1975); *McGee v. State*, 629 S.W.2d at 184. However, such principle has no bearing on the instant case. The jury's rendition of a higher punishment at the second trial (i.e., 50 years' confinement, compared to 25 years' confinement at the first trial) was clearly unrelated to the subsequent request for the affirmative finding by the State. Secondly, the provisions of article 42.12, § 3f(a)(2), as applied to the provisions of article 42.12, § 15(b), mandate that the trial court enter the affirmative finding (as found by the trier of fact).[3] The af-

3. Article 42.12, § 3f(a)(2), provides:
   "(a) The provision of Sections 3 and 3c (granting of probation) of this Article do not apply: (1) * * *

(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or dur-

firmative finding in the judgment has a definite impact on appellant's eligibility for parole and punishment to be served. However, we cannot say that the State's request that the trial court make an affirmative finding of what it was technically required to do by statute amounts to vindictiveness on the part of the prosecutor.

■ Finally, appellant contends that the affirmative finding of a firearm must be deleted from the judgment and sentence because the trial court lacked jurisdiction to enter such a finding. Appellant's contention is premised on the fact that the prosecutor did not request, and the trial court did not grant, the affirmative finding until after appellant had given oral notice of appeal in open court. Appellant's argument that the moment he uttered the words: "Your Honor, we would like to give notice of appeal ..." deprived the trial court of jurisdiction to exercise any further control over the judgment is erroneous and without merit. TEX.CODE CRIM.PROC. ANN. art. 44.11. Grounds of error numbers two through five are overruled.

In his sixth ground of error, appellant contends the trial court erred in excluding testimony of specific acts of misconduct on the part of State's witness, Clyde Eugene Dill. Dill testified that, on December 13, 1982, he, the deceased, and the appellant went to a shed outside of Goofy's Lounge. He testified that while they were there, appellant shot the deceased once, and then "when he fell and hit the ground, then he (appellant) put the gun down toward his head (the deceased's) and emptied the gun on him." Appellant, on the other hand, testified that "Gene" Dill was the person who shot the deceased.

On direct examination, Dill testified that he was currently on eight years' probation for an aggravated assault conviction. During the cross-examination, Dill again admitted that he had been convicted of aggravated assault in 1982 and that it involved causing serious bodily injury to another person. He also admitted that he had previously been convicted of a misdemeanor theft. During cross-examination, appellant sought to introduce testimony concerning specific acts of misconduct, or, more specifically, some details of Dill's conduct which resulted in his conviction for the offense of aggravated assault.

Appellant made a Bill of Exception outside the presence of the jury, stating for the trial court and the record the testimony he sought to introduce. It was shown that, in August of 1982, in Midland County, Texas, Dill had pled guilty to intentionally and knowingly causing serious bodily injury to Christopher Caldwell by stabbing him with a knife. Dill proceeded with the following account of the circumstances surrounding the aggravated assault:

"Q In fact, for no apparent reason, you walked up to this man, stabbed him three times in the stomach; isn't that right?

A It wasn't three times, and I had my reasons.

Q How many times do you say you stabbed him?

A One time.

Q What is your reason?

A The man—I let the man live with me for a period of probably a couple of months, and he stole a bunch of my riding gear, a bunch of my tools. He pawned—he took them and pawned my

ing immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. *Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter the finding in its judgment."*
Article 42.12, § 15(b), V.A.C.C.P., provides:
"(b) A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a

sentence for the offenses listed in Section 3f(a)(1) of this Article, *or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years ...."*

tools. About three hundred dollars' worth of tools. And he lied to me and spread all kinds of rumors about me, and was telling everybody that he was going to whip me if he ever got the chance. And I told him that he could make it right, and I gave him four or five different opportunities to make it right, and he never would. He was running from me and telling everybody that he was going to whip my ass, and all that. And I kept giving him chances, letting it slide, giving him more chances, and nothing ever worked.

Q So you went up and stabbed him?

A Well, I went up and told him that I either wanted my money—I wanted to get my money—because he was working at the time—and he laughed at me, and he laughed at me again.

Q So you stabbed him?

A Yes, I did. That isn't how it started out, but that's the way it ended up."

At the conclusion of appellant's Bill of Exception, the trial court reasserted his earlier ruling that the details of the offense were not admissible and, therefore, not allowed before the jury. Appellant renewed his offer of testimony after he had testified, which was overruled.

"[I]t has long been the law of this State that proof of either mere accusations, or specific acts of misconduct, is inadmissible to affect the credibility of the accused or any other witness." *Murphy v. State,* 587 S.W.2d 718, 722 (Tex.Crim.App.1979); *Hoffman v. State,* 514 S.W.2d 248 (Tex.Crim. App.1974). This rule assumes that the witness has made no "blanket statement concerning his conduct, such as never having been charged or convicted of any offense, or never having been 'in trouble.' " *Hoffman v. State,* 514 S.W.2d at 254. In the present case, Dill did not make a "blanket statement" regarding his conduct.

Appellant contends that, based upon the reasoning in *Dempsey v. State,* 159 Tex. Cr.R. 602, 266 S.W.2d 875 (1954), the details of Dill's prior conviction were admissible because the jury had a fact issue to decide which person, Dill or the appellant, was the aggressor. In *Dempsey,* unlike here, the issue before the jury was self-defense. The Court stated that "the defense may offer testimony as to any specific act of violence or misconduct which evidences the violent character of the *deceased* (emphasis added) under the following conditions:

"If offered for the purpose of showing the reasonableness of defendant's claim of apprehension of danger, it must further appear that the acts of violence or misconduct were known to the defendant at the time of the homicide.

*But if offered for the purpose of showing that the deceased was in fact the aggressor (not that the defendant thought the deceased was making or about to make an attack)* the witness must know but it need not be shown that appellant had knowledge of the acts of violence of the deceased at the time of the homicide."

■ Appellant contends that the latter part of the foregoing rule should be extended to the present case to allow appellant to present evidence tending to show that the witness, Dill (rather than appellant), was the aggressor. We decline to apply the rule set out in *Dempsey* to this case. Further, there is no testimony that Dill was the intended victim, where the details of specific acts of violence by Dill may be admissible to explain the condition of appellant's mind at the time of the homicide. *See Dixon v. State,* 634 S.W.2d 855 (Tex.Crim.App.1982). Dill admitted several times before the jury his conviction for aggravated assault. This alone was sufficient for impeachment purposes. The jury had sufficient testimony before them to decide who was the aggressor *against the deceased.* The exclusion of such testimony by the trial court was not error. Ground of error number six is overruled.

In ground of error number seven, appellant contends that the trial court improperly refused to allow him to question the State's witness, Wiley Queen, concerning his prior criminal record. Appellant made his Bill of Exception outside the presence

of the jury. Queen testified that he had successfully served a one-year probated sentence for the offense of misdemeanor theft in 1975. He also testified that he had been fined in 1976 for misdemeanor assault on a female. Queen testified that he had been involved in an obstruction of justice charge back in 1952 or '53. He explained that this was a civil matter involving the taking of his daughter. He stated that he paid an $85.00 fine and spent a night in jail for that offense. After hearing the testimony and arguments of counsel, the trial court ruled that appellant could not impeach Queen with proof of his prior misdemeanor convictions.

▋ The general rule regarding impeachment of witnesses is that a witness, by testifying, places his credibility in issue, and the opposing party may seek to impeach that credibility by proof that the witness has been convicted previously of any felony offense, or a misdemeanor involving moral turpitude. Even then, however, such offenses must not be so remote in time so as not to be relevant to the present credibility of the witness. *Taylor v. State*, 612 S.W.2d 566, 572 (Tex.Crim. App.1981). *See* TEX.CODE CRIM.PROC. ANN. art. 38.29 (Vernon 1979). The question of remoteness is largely a matter within the discretion of the trial court, although the general rule of thumb is that, if the release from confinement is less than ten years prior, the conviction may be admitted. *Taylor v. State*, 612 S.W.2d at 572.

▋ Appellant contends that the misdemeanor assault charge against Queen was admissible to impeach him because it was a crime involving moral turpitude. The offense of aggravated assault on a female is a misdemeanor involving moral turpitude. *Trippell v. State*, 535 S.W.2d 178 (Tex.Crim.App.1976). However, in the present case, there was no evidence that the assault charges against Queen back in 1976 amounted to an aggravated assault. More importantly, even assuming the offense in question was shown to be one involving moral turpitude, the testimony

elicited did not show that a final conviction had resulted:

"THE COURT: All right. Would have had to be a misdemeanor assault. What type of assault was it? It was not an assault on a female, was it?

THE WITNESS: Well, what it was, sir, this woman cussed me, and what she had said, I don't take exception to anybody on that. And I had a piece of material in my hand, or a piece of pipe, and I threw it and it hit a chair, like this right here, and bounced off. So she went down to the Sheriff's Office up there and—

THE COURT: Filed assault on you?

THE WITNESS: Well, they filed charges on me. Well, I didn't pay the—

THE COURT: Did you go to court?

THE WITNESS: No, sir.

THE COURT: What court, Municipal Court?

THE WITNESS: It was J.P. Court.

THE COURT: J.P. Court.

THE WITNESS: And fine, I think was—I think $17; I'm not sure. It was paid and—but it wasn't paid by me.

THE COURT: And you never appeared in court on the charge?

THE WITNESS: Well, I was notified that there had been a paper sent out to me—for me. Then I went down to the Sheriff's Office and turned myself in, because at that time, after the incident, I went on to work.

THE COURT: But you never—you never did go to court on that case?

THE WITNESS: No, sir.

THE COURT: You went down to the Sheriff's Office?

THE WITNESS: And the fine was paid."

We hold that the trial court did not commit error in excluding the evidence of Queen's prior criminal record. The misdemeanor theft offense involved moral turpitude, but the witness had completed his probation at the time of the trial. *See* TEX.CODE CRIM.PROC.ANN. art. 38.29; *Trippell v. State*, 535 S.W.2d at 180. The obstruction of justice charge thirty years earlier was too remote in time to be admissible for im-

peachment purposes. Finally, the misdemeanor assault charge was not shown to be one involving moral turpitude, or even that it resulted in a final conviction. Therefore, under the provisions of Art. 38.-29, the evidence was properly excluded from the jury. Ground of error number seven is also overruled.

In his last ground of error, appellant contends that the trial court erred in refusing, at the punishment phase of the trial, to submit to the jury the issue of probation as authorized by TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3a (Vernon 1979). Prior to trial, appellant filed with the Court his sworn motion stating that he had never been convicted of a felony in this State or any other State, and requested the Court to submit to the jury his application for a probated sentence. At a hearing held outside the presence of the jury, appellant testified that, in 1977, he had been convicted of the offense of driving while intoxicated in the State of New York. He stated that he received three years' probation and 60 days in the county jail. He also stated that he had successfully completed his probation. Appellant then admitted that earlier, in 1975, he had been convicted of DWI in the State of New York, for which he received a $500.00 fine. Appellant testified only that he did not understand the second DWI conviction (1977) to be a felony. He did not present any evidence concerning either conviction.

Appellant, not the State, had the burden of establishing his eligibility for probation. *Baker v. State*, 519 S.W.2d 437 (Tex.Crim.App.1975); *Flores v. State*, 487 S.W.2d 122 (Tex.Crim.App.1972). A jury may not recommend probation in its verdict unless both the sworn motion *and the evidence* show, and the jury finds in its verdict, that the defendant has never before been convicted of a felony in this or any other state (emphasis added). Art. 42.12, § 3a. In the present case, the State presented evidence to show that, under the

applicable laws of the State of New York, a second conviction for DWI was a felony offense.[4] At the hearing, appellant relied on his sworn motion for probation alleging that he had never been convicted of a felony; however, it did not constitute proof of the matter asserted. *Green v. State*, 658 S.W.2d 303, 309 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd.). The trial court found from the evidence that appellant had, in fact, been previously convicted of a felony. Appellant objected to the court's ruling on the grounds of insufficient evidence introduced by the State to show what the law of the State of New York was at the time appellant was convicted.[4]

At the punishment phase of the trial, appellant testified as to his two prior convictions for DWI. No other evidence was produced before the jury showing that appellant had never been convicted of a felony. Appellant then objected to the omission of the issue of probation in the jury charge.

From readily available and easily accessible sources, we, as appellate judges, are competent to ascertain with reasonable certainty whether appellant's second conviction for DWI constituted a felony offense of another state. *Acosta v. State*, 650 S.W.2d 827, 837 (Tex.Crim.App. 1983); *Mason v. State* (Tex.Crim.App. No. 1038–82, Sept. 14, 1983) (unpublished). Taking judicial notice of New York law, we agree with the trial court's finding that, based on the punishment assessed, appellant's second DWI conviction (1977) amounted to a felony offense. *Consolidated Laws of New York Ann.* (Vehicle and Traffic) 62A, § 1192(5) (McKinney's Supp. 1983–84) (amendments included).

The jury need not be charged on the issue of probation in the absence of evidence before the jury to support the motion for probation. *Walker v. State*, 440 S.W.2d 653, 659 (Tex.Crim.App.1969). The mere filing of the motion was not sufficient proof to establish appellant's eligibility for

---

**4.** While it is clear from the record that the trial court and both counsels were reading from *McKinney's Consolidated Laws of New York*

*Ann.* 62A (Vehicle and Traffic Law) § 1192(5), the State failed to formally offer this exhibit as evidence in the proceeding.

probation. *Palasota v. State*, 460 S.W.2d 137, 140–141 (Tex.Crim.App.1970). We hold that the trial court's refusal to submit the requested instruction on probation to the jury was not error. Ground of error number eight is overruled.

The judgment of the trial court, as reformed to reflect the jury's affirmative finding of use of a firearm in the commission of the offense of murder, is affirmed.

GONZALEZ, J., not participating.