**Jesus Adames HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–90–0338–CR.**

Court of Appeals of Texas,
Amarillo.

June 4, 1991.

Rehearing Overruled July 16, 1991.

Discretionary Review Granted
Sept. 25, 1991.

Wischkaemper & Martinez, Bill Wischkaemper, Lubbock, for appellant.

Travis Ware, Dist. Atty., Michael West, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Appellant Jesus Adames Hernandez was convicted of driving while intoxicated. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(c)(1) & (2) (Vernon Supp.1991). The jury assessed punishment at a $240 fine and twelve months in the Lubbock County jail. However, upon recommendation by the jury, imposition of the jail sentence was suspended and appellant was placed on probation for twenty-four months. In a single point of error, appellant contends that the trial court erred in overruling his requested jury instructions, arguing that he was harmed by the court's failure in that his driver's license might not have been suspended and he might not have been required to successfully complete an educational course. For the reasons to be stated, we will affirm.

In the court's punishment charge, the judge instructed the jury that there were four possible verdicts and four verdict forms attached to the charge. The court informed them that if probation was granted, there were three possible verdicts and if probation was denied, the only possible verdict was a fine and jail time. The probation verdicts were (1) fine and jail time imposed, with the payment of a fine and serving of the jail time suspended during probation; (2) fine and jail time imposed, with payment of the fine only suspended during probation, and jail time to be served as a condition of probation; or (3) fine and jail time imposed, with the serving of jail time suspended during probation and the fine to be paid as a condition of probation.

■ Appellant objected to the instant punishment charge and requested that under article 42.12 § 13(2)(g) of the Code,[1] three additional verdict forms be submitted to the jury. The requested verdict forms were consistent with the three possible probation verdicts with an alternative that appellant's driver's license not be suspended in each instance. Under appellant's request, there would have been six alternatives if the jury granted probation, the

three enumerated above and those three without a driver's license suspension. The trial court overruled appellant's objection and refused the requested jury verdict forms.

Article 42.12 § 13(2)(g) of the Code provides:

If the jury recommends probation for a person convicted of an offense under Article 6701*l*–1, Revised Statutes, and punished under Subsection (c) of that article, it may recommend that any operator's, commercial operator's, or chauffeur's license issued to the defendant under Chapter 173, Acts of the 47th Legislature, Regular Session, 1941 (Article 6687b, Vernon's Texas Civil Statutes), not be suspended.

In pertinent part, Article 42.12 § 13(2)(h) provides:

If a person convicted of an offense under Article 6701*l*–1, Revised Statutes, punished under Subsection (c) of that article and is placed on probation, the court shall require, as a condition of probation, that the defendant attend and successfully complete ... an educational program.... This subsection does not apply to a defendant if a jury recommends probation for the defendant and also recommends that the defendant's driver's license not be suspended.

■ It is the judge's duty to deliver a written charge to the jury setting forth the law applicable to the case. *Doyle v. State*, 631 S.W.2d 732, 738 (Tex.Crim.App.1982). An accused is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether it is contradicted, impeached, weak, or strong. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Crim. App.1987). This is so regardless of which party raises the evidence. *Woodfox v. State*, 742 S.W.2d 408, 410 (Tex.Crim.App. 1987); *Knowles v. State*, 672 S.W.2d 478, 480 (Tex.Crim.App.1984).

■ In an analogous punishment situation, a jury may not recommend probation

---

1. All references to articles of the Code are to the articles of the Texas Code of Criminal Procedure.

in its punishment verdict unless a sworn motion is filed and evidence shows that an accused has not been previously convicted of a felony in this State or any other state. *Tenery v. State*, 680 S.W.2d 629, 640 (Tex. App.—Corpus Christi 1984, pet'n ref'd). The mere filing of a motion for probation is inadequate proof to show that the accused is entitled to probation. *Id.* The burden of proof is on appellant to show his eligibility for probation. *Baker v. State*, 519 S.W.2d 437 (Tex.Crim.App.1975).

Here, appellant was required to show that he was eligible for probation before he was entitled to have the jury recommend not to suspend his driver's license. Hence, an accused can obtain a benefit of not having his license suspended during probation if the jury recommends probation and that his license not be suspended. The benefit of not having his driver's license suspended during probation is similar to other beneficial defensive instructions, including probation, upon which appellant has the burden of proof. It follows that appellant has the burden to show that he has a valid existing driver's license at the time of trial before being entitled to an instruction seeking a recommendation not to suspend his driver's license.

We have examined the entire record to ascertain whether there is any evidence from any source concerning appellant's driver's license. The only evidence was from Kevin Ard, the arresting officer, who reported that appellant handed him his driver's license after the stop. The mere showing that appellant displayed a driver's license at the time of the offense fails to show that he had a driver's license at the time of trial which the jury could recommend not to suspend. Since there is no evidence that appellant had a valid existing driver's license at the time of trial, the court did not err in refusing to submit the requested jury instructions. Consequently, point of error one is overruled.

Accordingly, the judgment of the trial court is affirmed.