**Jesus Adames HERNANDEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 933–91.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 2, 1992.

Bill Wischkaemper, court appointed on appeal only, Lubbock, for appellant.

Travis S. Ware, Dist. Atty., and Michael West, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted of driving while intoxicated and a jury assessed punishment at one year in the county jail, probated for two years, and a fine of two hundred forty dollars. This conviction was affirmed. *Hernandez v. State*, 810 S.W.2d 843 (Tex. App.—Amarillo 1991). We granted discretionary review to determine whether the Court of Appeals erred in holding that appellant had the burden of demonstrating he had a valid driver's license before he was entitled to an instruction that the jury could recommend that his driver's license not be suspended. We will reverse.

At the punishment phase of trial, counsel requested that the trial court instruct the jury in accord with Article 42.12, Section 13(g), V.A.C.C.P., that they were authorized to recommend appellant's driver's license not be suspended.[1] Appellant's sole complaint is that the trial court refused the request.

The Court of Appeals held that "appellant was required to show he was eligible for probation before he was entitled to have the jury recommend not to suspend his driver's license" and that, like other "defensive instructions, including probation," appellant had to show that he had a valid driver's license before being entitled to the requested instruction. *Hernandez*, supra at 845. The court stated that after examining the entire record, it could not find any evidence that appellant had a valid driver's license. The court noted that the only evidence that appellant possessed a driver's license came from the arresting officer, who testified appellant produced his driver's license after the stop.[2] Although the Court of Appeals correctly determined that the jury did not have sufficient evidence to conclude appellant had a valid driver's license at the time of trial, we find that the statute imposes no such requirement.[3]

Appellant argues that the provisions of Article 42.12, Section 13(g), are applicable even if he did not have a valid driver's license at the time of trial. He points to Article 42.12, Section 13(h), and Article

1. Article 42.12, Section 13(g), states that, "If the jury recommends probation for a person convicted of an offense under Article 67011, Revised Statutes, and punished under Subsection (c) of that article, it may recommend that any operator's, commercial operator's, or chauffeur's license issued to the defendant under Chapter 173, Acts of the 47th Legislature, Regular Session, 1941 (Article 6687b, Vernon's Texas Civil Statutes), not be suspended."

2. Appellant notes that the record reflects that he had a valid driver's license, and cites to the transcript which contains the "Defendant's Personal Data Sheet." This is an information sheet used by the Adult Probation Department in Lubbock County which must accompany an application for probation. It was not introduced into evidence, however, and there is no indication that it was submitted to the jury.

3. The court analogized the requested instruction to a request for an instruction on probation under Article 42.12, Section 4, V.A.C.C.P. That article requires the defendant to present the court with a sworn motion which demonstrates eligibility for probation, and to prove he is eligible for probation. There is no such requirement in Article 42.12, Section 13(g).

6687b, Section 4A, V.A.C.S., as support. The language of Article 42.12, Section 13(h), indicates that in the event that the Department of Public Safety does not receive notice that a defendant required by a judgment of conviction to complete an educational program has completed that program within the time period required by such judgment, the department shall suspend the driver's license or prohibit the person from obtaining a driver's license. Article 6687b, Section 4A, provides that the department may not issue a driver's license or permit to a person convicted under Article 67011-1, V.A.C.S., "unless the period of suspension that would have applied had the person had a license ... has expired."

Prior to 1983, the Department of Public Safety could not "suspend" the privileges of a defendant who did not have a driver's license. See *Allen v. State*, 681 S.W.2d 38 (Tex.Cr.App.1984) (automatic suspensions of driving privileges had no effect on a defendant whose driver's license had expired).[4] Article 6687b, Section 4A, however, was added in 1983 and it provides that a person convicted of driving while intoxicated may not obtain a license until the period of suspension has expired, even if he has never had a license. Additionally, it is clear that under Article 6687b, Section 22, suspensions may be added to other suspensions, so that a defendant who receives several overlapping suspensions may not have his driving privileges restored until the last period of suspension has expired. It follows, therefore, that if the period of suspension is to be applied regardless of whether a defendant holds a valid driver's license, a defendant need not show that he has a driver's license before he can ask the jury to recommend that there be no suspension.

As there is no longer a requirement that a defendant have a valid driver's license before the Department of Public Safety can suspend driving privileges, it is no longer required that the defendant demonstrate that he has a valid driver's license before he can ask the jury to recommend that his license not be suspended. The Court of Appeals erred in affirming the trial court's decision to refuse the requested instruction.

Accordingly, the judgment of the Court of Appeals is reversed, and this case is remanded to that court pursuant to *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), so that it may determine whether applicant suffered some actual harm as a result of the trial court's error in refusing to give the requested instruction. See *Arline v. State*, 721 S.W.2d 348 (Tex.Cr.App.1986); *Abdnor v. State*, 808 S.W.2d 476 (Tex.Cr.App.1991).[5]

WHITE and BAIRD, JJ., dissent believing the Court of Appeals was correct in holding "appellant ha[d] the burden to show that he ha[d] a valid existing driver's license at the time of trial before being entitled to an instruction seeking recommendation not to suspend his driver's license." *Hernandez v. State*, 810 S.W.2d 843, 844 (Tex.App.—Amarillo 1991).

---

4. The offense in *Allen* occurred in 1981.

5. In light of our decision today, the trial courts should give a proper instruction in all cases where an accused is eligible for probation.