NUMBER 13-99-817-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


FERNANDO FUENTES , Appellant,


v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 389th District Court

of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Rodriguez



A jury found appellant, Fernando Fuentes, guilty on two counts of indecency with a child (1) and two counts of aggravated
sexual assault. (2) The jury assessed punishment at forty-two years and twenty years respectively for each count. The trial
court entered judgment on the jury verdict and sentenced appellant in accordance with the jury verdict. By three issues,
appellant complains that he was denied (1) his right to counsel at a critical stage of the trial proceedings, (2) his right to full
voir dire of prospective jurors, and (3) effective assistance of counsel. We affirm.

Appellant contends in his first issue that the trial court erred in allowing trial counsel to abandon him and discontinue his
legal representation prior to the filing of a motion for new trial. A defendant has a right to counsel during the time limit
for filing a motion for new trial. See Hanson v. State, 11 S.W.3d 285, 288 (Tex. App.-- Houston [14th Dist.]1999, pet.
ref'd). To prevail on a claim for deprivation of counsel, an appellant must affirmatively prove that he was not represented
by counsel during a critical phase of the proceedings. See Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).
When the record does not reflect that trial counsel withdrew, it must be assumed that trial counsel continued to effectively
represent the defendant following his conviction, even if no motion for new trial was filed. See id. Appellant must
overcome the presumption that he was represented by counsel, and that counsel acted effectively according to his duty to
consult and fully advise his client. See id.

On December 1, 1999, in response to the trial court's inquiry regarding whether counsel had been retained for purposes of
appeal, trial counsel responded he was not certain. The judge asked counsel to inform him as soon as possible whether
appellant's parents had sufficient funds to retain him so that, if necessary, appellate counsel would be appointed. No
motion to withdraw as trial counsel appears in the record. Neither is there an order granting trial counsel's withdrawal. On
December 13, 1999, the trial court received appellant's pro se letter requesting "a court-appointed Lawyer to represent
[him] for an appeal. . . ." The name of Robert Ralston was written on this request. On December 20, 1999, Ralston filed a
timely notice of appeal. (3) He also filed appellant's affidavit of inability to pay and his request for a court-appointed
attorney. On that same day, the court found appellant financially unable to employ an attorney and signed an order
appointing Ralston to handle appellant's appeal.

Appellant's claim of deprivation of counsel is not firmly founded in the record. The record does not rebut the presumption
that appellant was represented by counsel and that counsel acted effectively. See id. Nor does the record rebut the
presumption that trial counsel discussed the merits of a motion for new trial with appellant, who considered and rejected
such a motion. See id. Appellant does not assert that he was not informed by his trial counsel of the opportunity and
grounds for filing a motion for new trial. Moreover, a timely notice of appeal was filed. This is some evidence that
appellant was represented by counsel and informed of his appellate rights, even prior to the appointment of appellate
counsel. See id. Appellant does not now claim his right to appeal was injured in any way due to his failure to file a motion
for a new trial, or that he was not able to raise certain grounds because he did not first file a motion for a new trial. 

Appellant does assert by his first issue that had a motion for new trial been filed, he would have proved he did not have a
prior felony conviction and was, therefore, eligible for community supervision. Appellant additionally urges that if he had
obtained a new trial, he would have sought a plea of guilty for a sentence less than the sentence imposed. 

A defendant is eligible for community supervision under article 42.12, section 4(e), of the Texas Code of Criminal
Procedure only if before the trial begins, the defendant files a written sworn motion with the judge that he has not
previously been convicted of a felony in this or any other state, and the jury enters a finding in the verdict that the
information in the defendant's motion is true. See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon Supp.
2001);Tenery v. State, 680 S.W.2d 629, 640 (Tex. App.--Corpus Christi 1984, pet. ref'd) (applying former article section 3a
of article 42.12, now section 4(e)). "A jury may not recommend [community supervision] in its verdict unless both the
sworn motion and the evidence show, and the jury finds in its verdict, that the defendant has never been convicted of a
felony in this or any other state." See Tenery, 680 S.W.2d at 640 (emphasis in original) (citing Tex. Code Crim. Proc. Ann.
art. 42.12, §3a, now § 4(e) (Vernon Supp. 2001)). Appellant, not the State, has the burden of establishing his eligibility for
community supervision. See id.

Appellant argues that the testimony of Edward Valento, a detective sergeant with the Streamwood, Illinois Police
Department, proved he had no felony conviction; thus, he was eligible for community supervision. Detective Valento
testified as follows:

 

 


 And would it also be true to say that as far as you can tell from your records that the only conviction that Mr. Fuentes
has that is a felony is something to the effect of bail jumping? Is that right, sir?




 

 


 I don't know that that's even a felony.




 

 


 Okay. So, are you telling us now that that case of bail jumping is not a felony?




 

 


 I'm uncertain. I don't - - I don't believe that that is a felony warrant but I'm not certain on that.




Appellant points to nothing more in the record to support his contention that he had never been convicted of a felony. We
conclude the testimony upon which appellant relies does not provide such proof. Furthermore, on redirect, Detective
Valento testified that he would not disagree if he were told that the bail bond forfeiture was a felony. The State also offered
into evidence, over objection, (4) several documents from the Circuit Court of Cook County, Illinois, to support its position
that appellant had a felony conviction. Finally, and importantly, appellant testified:

 

 


 So, you're saying that I'm doing all this stuff to him and you're the convicted felon, correct?




 

 


 Felon?




 

 


 Yeah. You've been convicted of a felony before, have you not? 


 

 


 I don't know. They were misdemeanors. 




 

 


 Are you sure?


 

 

 


 Well, from the paper that I read - -




 

 


 You've read other stuff, have you not? Do you want me to produce a document that you've read?


 

 

 


 It says felony on - - 




 

 


 It says felony on there, doesn't it?


 

 

 


 I guess so.




 

 


 Not you guess so. You know. It says felony on that document, doesn't it?


 

 

 


 For bail jumping.




* * * * * 



 

 


 So, you're a convicted felon, aren't you?


 

 

 


 I guess so.




 

 


 Not you guess so. You know so, don't you?


 

 

 


 Well, yes, according to the paper. Yes.




Based on the foregoing evidence, we conclude appellant did not establish he had no felony conviction. The record does not
therefore affirmatively establish he was eligible for community supervision. Thus, the basis appellant claims would have
been urged in his motion for new trial would have failed. See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon Supp.
2001).

Accordingly, because appellant did not overcome the presumption that he was represented by counsel during the time after
his sentencing and that counsel acted effectively according to his duty to consult and fully advise his client, we overrule his
first issue.

In issue two, appellant contends the trial court erred in denying his right to full voir dire examination of the jury panel.
Appellant asserts it was error to deny him the opportunity to ask prospective jurors if they would "consider the minimum
amount of probation which would be in the indecency two years and in the aggravated sexual assault five years." (5)

A defendant is harmed when a trial court denies the defendant's attorney an opportunity to question prospective jurors
sufficiently to allow the defendant's attorney to decide intelligently those prospective jurors to strike with peremptory
challenges. See Linnell v. State, 935 S.W.2d 426, 428 (Tex. Crim. App. 1996). However, the trial court retains discretion
to "impose reasonable restrictions on the exercise of voir dire examination." See Ratliff v. State, 690 S.W.2d 597, 599
(Tex. Crim. App. 1985). Thus, when reviewing a claim regarding a limitation on voir dire examination, we employ an
abuse of discretion analysis, focusing on "whether the appellant proffered a proper question concerning a proper area of
inquiry." Howard v. State, 941 S.W.2d 102, 108 (Tex. Crim. App. 1996). A proper question is "one which seeks to
discover a veniremember's views on an issue applicable to the case." Id.

Having concluded that appellant did not prove he had the right to receive probation, probation was not included in the full
range of punishment the jury could award. Thus, the court did not err in refusing to allow voir dire on probation as the
issue was irrelevant to the facts of the case. (6) We overrule appellant's second issue.

In his third issue, appellant contends he was denied effective assistance of counsel. To establish ineffective assistance of
counsel, appellant must demonstrate from the record that (1) counsel's assistance was outside the range of competence
demanded of attorneys in criminal cases, and (2) counsel's errors were so serious as to deprive appellant of a fair trial and
render the result of the trial unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). The determination regarding whether a defendant received effective assistance
of counsel must be made according to the facts of each case. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). An appellate court looks to the totality of the representation and the particular circumstances of the case in
evaluating the effectiveness of counsel, without the benefit of hindsight. See id.; Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990).

Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. See Thompson, 9
S.W.3d at 813. The appellate court's review of counsel's performance must be highly deferential. See Strickland, 466 U.S.
at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance and constituted sound trial strategy. See id. To defeat the presumption of reasonable professional assistance,
"any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). While defendants have the
right to effective counsel, there is no constitutional right to error free counsel. See Hernandez v. State, 726 S.W.2d 53, 58
(Tex. Crim. App. 1986). 

Appellant alleges his trial counsel erred when he:

1. Assumed that appellant had a prior felony conviction, without obtaining reliable proof of a prior felony conviction, and
presented, as an admission from appellant, the false and unreliable impression that appellant had a prior felony conviction;



 

 


 Failed to move for a mistrial after Detective Valento of the Streamwood, Illinois Police Department testified;




3. Failed to urge a motion for mistrial after the trial court announced "I'm not going to tell you how to present your case
but I'm just saying that that presents a problem for the Court to address as far as a Motion for Mistrial in this case, if the
Defense counsel is presenting that and - - or rebuttal. I don't know."



4. Failed to urge both a motion for mistrial and a motion for new trial and include as a reason that there was no credible
evidence that appellant had a prior felony conviction or that appellant had been extradited to Illinois to appear in court on
the bond forfeiture warrant or the case of bail jumping;



5. Failed to file a motion for new trial;



6. Allowed appellant and appellant's parents to decide if appellant would testify at the guilt or innocence phase;



7. Allowed appellant and his parents to decide if appellant would reject the State's plea of guilty recommendation;



8. Directed many questions to appellant that would tend to cause a juror to believe the State's witnesses rather than believe
appellant's testimony;



9. Failed to object to certain questions of the prosecutor and to other evidence;



10. Failed to object to certain answers of witness, Anna Bicchinella;



 

 


 Failed to object to the State's question asked of Bicchinella;




 

 


 Directed questions to appellant as a witness during the punishment phase of the trial, that emphasized damaging
testimony;




13. Repeated and emphasized "vile" characterization of appellant during his final argument at the punishment phase; and



14. Continued to point out to the jury during the punishment phase that appellant was a felon.

We look first at alleged errors one through five and fourteen. Each allegation assumes appellant had no prior felony.
However, having determined there was no such proof, we conclude counsel's assistance, related to these specific instances,
was not outside the range of competence demanded of attorneys in criminal cases. See Strickland, 466 U.S. at 687. 

Alleged errors six and seven challenge trial counsel's actions in allowing appellant and his parents to make trial decisions
regarding whether appellant testified and whether appellant accepted the State's plea recommendation. While defense
counsel has a duty to advise appellant of the terms and desirability of a plea bargain, it is the "defendant who must make the
ultimate decision on his plea and bear the consequences. . . ." Flores v. State, 784 S.W.2d 579, 581 (Tex. App.-Fort Worth
1980, pet. ref'd) (citations omitted). Furthermore, the Texas Disciplinary Rules of Professional Conduct specify that a
lawyer shall abide by a client's decisions, "in a criminal case, after consultation with the lawyer, as to a plea to be entered,
whether to waive jury trial, and whether the client will testify." Tex. Disciplinary R. Prof'l Conduct 1.02(a)(3), reprinted
inTex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon Supp. 1998) (Tex. State Bar R. art. X, § 9). The record establishes
that defense counsel advised appellant of the consequences of rejecting the plea bargain and of testifying at trial. We hold,
therefore, that counsel's performance did not fall below an objective standard of reasonableness under prevailing
professional norms. See Strickland, 466 U.S. at 688. Appellant has not met the first prong of the Strickland standard as to
these complaints.

By alleged errors nine through eleven, appellant specifically complains that his trial counsel failed to object that the
testimony of a witness, Anna Bicchinella, was in the form of a medical opinion. (7) Appellant complains of the following
testimony:

Q: Ma'am, this Defendant comes across as maybe being possibly slow. How long did you-all date for?

A: Five months.

 

 


 Would you say he's slow mentally?


 

 


 
 Absolutely not.


 


 

 

When asked to explain her answer, Bicchinella responded:



 

 


 Mr. Fuentes talks very softly so you have to really listen to him when he talks. I have - - my oldest son, Michael, that
this happened to, is - - he has a learning disability and my youngest son has a mental and permanent learning disability. I
know what both of those are and Mr. Fuentes has neither one of them. He is very coherent in everything that he does and
he is not slow at all.


 

 


 Do you think he understands and - - 


 

 


 
 Absolutely.
 


 

 

 

 


 - - he knows what he's doing?


 

 


 
 That's correct.


 


 

 

In Texas, a lay witness may give an opinion on mental conditions, provided the opinion is based on personal observation.
See Biggs v. State, 892 S.W.2d 864, 888 (Tex. Crim. App. 1994). Further, rule 701 of the Texas Rules of Evidence
provides:

If the witness is not testifying as an expert, the witness'[s] testimony in the form of opinions or inferences is limited to those
opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear
understanding of the witness'[s] testimony or the determination of a fact in issue.



Tex. R. Evid. 701. 

Here, the witness's opinion as to whether appellant was "mentally slow" was rationally based on her perceptions after five
months of dating appellant, as well as on her comparison of appellant with her two sons who she testified had mental
problems. Bicchinella's testimony was also helpful either to a clear understanding of her testimony or for the determination
of appellant's mental capacity. Again, we hold that counsel's performance did not fall below an objective standard of
reasonableness under prevailing professional norms. See Strickland, 466 U.S. at 688. Appellant has not met the first prong
of the Stricklandstandard as to these complaints.

Finally, by alleged errors eight, twelve and thirteen, appellant complains that counsel emphasized negative testimony.
Appellant specifically complains of certain questions directed to appellant during the guilt/innocence phase that he alleges
would cause a juror to believe the State's witnesses rather than appellant, and during the punishment phase that allegedly
emphasized damaging testimony given by Bicchinella. Appellant also complains of counsel's reference, during his closing
argument, to the prosecutions' description of appellant as, among other things, a vulture and an animal.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and
constituted sound trial strategy. See id. at 689. Upon review of the challenged questions, and when taken in context, it is
apparent that the complained-of questions were asked for the purpose of allowing appellant to attempt to explain testimony
provided by or anticipated from both appellant and other witnesses. Furthermore, it is apparent that the excerpt from
appellant's final argument made during the punishment phase, when taken in context, was a part of a appellant's argument
for lesser punishment, even though the State described appellant as a vulture and an animal.

Accordingly, we conclude appellant's allegations of ineffectiveness are not firmly founded in the record. Because appellant
has not met the first prong of the Strickland standard as to these complaints, we overrule issue three.

The judgment of the trial court is affirmed.



NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 2nd day of August, 2001.

1. See Tex. Pen. Code Ann. § 21.11 (Vernon Supp. 2001).

2. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2001).

3. A notice of appeal must be filed in a criminal case within thirty days after the day the sentence is imposed or suspended
in open court or within ninety days if the defendant timely files a motion for new trial. SeeTex. R. App. P. 26.2(a).

4. Appellant does not, however, assert his objections on appeal.

5. Appellant also asserts that he should have been allowed to ask whether the victim's status as a child would affect the
potential jurors' punishment deliberations, and whether the potential jurors would consider the minimum prison time in a
case alleging indecency with a child or in a case alleging aggravated sexual assault of a child. However, appellant provides
us with no record cites where the trial court denied appellant the opportunity to ask such questions. Therefore, these
arguments are not properly before us and will not be addressed. See Tex. R. App. P. 38.1(h) (brief must contain clear and
concise argument for contentions made with appropriate citations to record).

6. The State urges that appellant was not entitled to have the jury consider probation because he did not file a sworn written
motion with the court before the trial began stating he had not previously been convicted of a felony in this or any other
state. We note however, that such a motion was filed on or about November 1, 1999, the same day the jury was voir dired
in this case, and the day before the trial began.

7. Appellant also complains of alleged failure to object to Bicchinella's testimony which he characterizes as hearsay,
irrelevant, non-responsive and/or unduly prejudicial. However, appellant provides us with no specific record cites where
these alleged errors occurred. Therefore, these complaints are not properly before us on appeal. See Tex. R. App. P.
38.1(h).