Affirmed and Memorandum Opinion filed November 23, 2005













Affirmed and Memorandum Opinion filed November 23, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00765-CR

_______________

 

TODRICK MORRIS a/k/a TAURUS JAMAL MORRIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 773,201

___________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Todrick
Morris a/k/a Taurus Jamal Morris appeals a conviction for possession of a
controlled substance with intent to deliver[1]
on the ground that the trial court erred in refusing to charge the jury on
appellant=s eligibility for community
supervision.  We affirm.








Appellant=s sole issue contends that the trial
court improperly determined that he was not eligible for community supervision
based on his prior juvenile adjudications and, thus, erred by refusing his
request to charge the jury on his eligibility for community supervision.  We review alleged jury charge error by
considering: (1) whether error existed in the charge; and, if so, (2) whether
sufficient harm resulted from the error to compel reversal.  Thanh Cuong Ngo v. State, __ S.W.3d
__, 2005 WL 600353, at *3 (Tex.
Crim. App. 2005).  The defendant bears
the burden of proving eligibility for community supervision.  Speth v. State, 6 S.W.3d 530, 533
(Tex. Crim. App. 1999); Leday v. State, 983 S.W.2d 713, 724 (Tex. Crim.
App. 1998).  To do so, a defendant must
file a sworn motion with the trial court prior to trial that he has not been
convicted of a felony in any state, and the jury must find that the information
in the motion is true.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 4(d)(3), (e) (Vernon Supp. 2005).  In addition, there must be actual proof at
trial of a defendant=s eligibility for community supervision in support of the
motion.  See Palasota v. State,
460 S.W.2d 137, 140-41 (Tex. Crim. App. 1970); Walker v. State, 440 S.W.2d
653, 659 (Tex. Crim. App. 1969).  In the
absence of evidence to support the motion, the jury need not be charged on the
issue of community supervision.  Tenery
v. State, 680 S.W.2d 629, 640-41 (Tex. App.CCorpus Christi 1984, pet. ref=d). 


In
this case, appellant properly filed a sworn motion that he had not previously
been convicted of a felony, but did not offer any evidence at trial in support
of this motion, either before the jury or in an offer of proof.[2]  The trial court=s refusal to submit the requested
instruction to the jury in the absence of such evidence was not error.  Accordingly, appellant=s issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 23, 2005.

Panel consists of
Justices Fowler, Edelman and Guzman.

Do Not Publish — Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and sentenced him to 35 years confinement and a $1,000
fine.





[2]           Nor does
appellant complain that the trial court ruled any such evidence inadmissible.