**Kenneth Ray KNOWLES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–205–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 24, 1982.

Rehearing Denied March 24, 1982.

Discretionary Review Granted
June 9, 1982.

Stanley C. Kirk, Michael J. Hinton, Houston, for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, for State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of theft of over two hundred dollars ($200.00) and under ten thousand dollars ($10,000.00). The jury assessed punishment at two years confinement in the Texas Department of Corrections, probated, and a one thousand dollar ($1,000.00) fine.

We affirm.

Appellant is a bail bondsman in Wichita Falls. On October 27, 1979, Willard Thomas Griffith was arrested in that city for an improper left turn and driving while intoxicated. At the time of his arrest, there were outstanding warrants on him from Virginia and Maryland. Griffith contacted someone from appellant's bail bond company concerning the making of his bond. Appellant, after learning of the $7,500.00 Virginia bond, set the bond premium at $1,125.00 and contacted Griffith's mother. Mrs. Griffith, a resident of Salisbury, Maryland, sent appellant the premium via a Western Union telegraphic money order. Appellant cashed the money order and apparently made some inquiry about Griffith's release. At this point, appellant became aware that the Maryland bond of $10,000.00 was outstand-

ing and that Griffith would not be released until that bond was posted. Appellant's company contacted Mrs. Griffith requesting the additional money to satisfy the premium required on the Maryland bond. Mrs. Griffith was unable to meet this new burden and did not send the money. The Maryland bond was not made. Griffith remained in jail for approximately two weeks before waiving extradition and returning to Maryland. Mrs. Griffith, the complainant, requested that her money be returned, but appellant refused this request and kept the money. The complainant filed charges and appellant was indicted and convicted of theft.

■ Appellant's first six grounds of error stand for the proposition that there were fatal variances between the description and ownership of the property in the indictment and that proved at trial. The indictment charged that the appellant "did then and there unlawfully appropriate property to wit: lawful United States currency of the value of over two hundred ($200) dollars and under ten thousand ($10,000) dollars from Juanita Griffith, the owner, without said owner's effective consent and with intent to deprive said owner of said property." In *Rovinsky v. State*, 605 S.W.2d 578, 581 (Tex.Cr.App.1980) the Court of Criminal Appeals stated, "that the allegation of theft of over $10,000 current money of the United States is sufficient as to value and description." We find the description of the property contained in the indictment of the appellant in the instant case sufficient.

■ The indictment's second fatal defect asserted by the appellant is that it names Juanita Griffith as the owner of the property instead of the Western Union Telegraphic Company. We reject this proposition. One is an "owner" if he has title to the property, possession of the property, or a greater right to the possession of the property than the actor. V.T.C.A., Penal § 1.07(a)(24). Although Mrs. Griffith did not have possession of the money (and therefore lacked title in this case), she had a greater right to the possession of the money than did the appellant. Having a greater right to the money than did the appellant, Juanita Griffith was properly stated as the owner of the property in the indictment. *Compton v. State*, 607 S.W.2d 246 (Tex.Cr. App.1980); *Smallwood v. State*, 607 S.W.2d 911 (Tex.Cr.App.1979). We find no defect in the indictment as alleged by these grounds of error. Grounds of error one through six are overruled.

■ Next, by grounds of error seven through ten, appellant contends that the indictment was fatally defective because it lacked specificity as required by V.A.C.C.P. arts. 21.02, 21.04, and 21.11. Appellant sought to quash the indictment because it failed to define the following statutory elements of the offense: "appropriate", "effective consent" and "owner". This same argument has been considered and rejected by the Court of Criminal Appeals in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App. 1981). There it was held that such general terms are not subject to a motion to quash. The requested definitions are essentially evidentiary in nature and do not need to be included in the indictment. *Thomas v. State, supra.* Grounds of error seven through ten are overruled.

■ The eleventh ground of error stresses that the trial court erred in denying appellant's requested instruction on mistake of fact in the court's charge to the jury. Appellant testified that he retained Mrs. Griffith's money because he mistakenly thought the Virginia bond was still pending, in which case he would have remained liable on the bond he posted. Appellant is correct that his testimony with regard to a mistake of fact, standing alone, entitles him to an instruction to that effect in the court's charge. *Barton v. State*, 172 Tex. Cr.R. 600, 361 S.W.2d 716 (1962). However, nowhere in his brief does appellant positively assert that the bond was in fact posted on the Virginia warrant. Nor does the record affirmatively show this elementary premise upon which appellant's case rests. Innuendo and inference are the only suggestions that the bond was in fact ever posted. Appellant's failure to establish this primary consideration defeats his claim for

an instruction on mistake in fact. There is simply no evidence that the bond was posted. Ground of error eleven is overruled.

 Ground of error twelve relates to the questions asked appellant on cross-examination regarding his prior marriages and divorces. Appellant's objections to the questions were sustained and instructions were given by the court to the jury to disregard the same. Such instruction to disregard was sufficient to cure the prejudicial effect of the question. Since it does not appear that the question was propounded simply to inflame the minds of the jury. *Jackson v. State*, 552 S.W.2d 798 (Tex.Cr. App.1977). Ground of error twelve is overruled.

By his thirteenth ground of error, appellant complains that it was error for the State to ask "have you heard" questions to appellant's witness. The examination in question occurred during the punishment phase of the trial. A witness, J. M. Luna, testified that appellant was a good person and a good friend. The question posed by appellant's counsel to Luna was whether, in the witness' opinion, there was any reason appellant should not receive a probated sentence. Although the usual question used for eliciting reputation testimony was not asked, the tenor of the testimony did raise the issue of appellant's reputation. Once the issue was raised, the State was entitled to ask the questions referred to by this ground of error. *Williams v. State*, 566 S.W.2d 919 (Tex.Cr.App.1978). Ground of error thirteen is overruled.

Appellant's fourteenth ground of error alleges that the prosecutor committed reversible error during his closing argument when, referring to appellant's marriage, he stated, "it wasn't that rosy a picture." Appellant's objection was sustained. However, appellant neither asked for an instruction to disregard nor a mistrial. Nothing is presented for review. *DeRusse v. State*, 579 S.W.2d 224 (Tex.Cr.App.1979). This ground of error is overruled.

Finally, appellant asserts that the indictment should have been dismissed due to the State's failure to comply with the provisions of the Speedy Trial Act, V.A.C.C.P. art. 32A.02. We disagree. At the hearing on the motion to quash the indictment, a prosecutor for the State, with personal knowledge of the case at hand, testified that the State had announced ready within the 120 day period mandated by the statute. This is a prima facie showing of compliance with the Act, which the appellant has failed to rebut, as he must, in order for the indictment to be dismissed. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App. 1979). Appellant's fifteenth ground of error is overruled.

The judgment of the trial court is affirmed.