**Kenneth Ray KNOWLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 293–82.

Court of Criminal Appeals of Texas, En Banc.

July 18, 1984.

Stanley C. Kirk, Michael J. Hinton, Houston, for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was found guilty of the offense of theft in the amount of over $200 or more but less than $10,000, V.T.C.A., Penal Code, Section 31.03(d)(4)(A), and the jury assessed punishment at two years' confinement, probated. The conviction was affirmed by the Fort Worth Court of Appeals in *Knowles v. State*, 629 S.W.2d 240 (Tex.App.—Fort Worth 1982). We granted appellant's petition for discretionary review in order to examine the Court of Appeals' holding that appellant was not entitled to a jury charge on the defense of mistake of fact. V.T.C.A., Penal Code, Section 8.02. We will reverse the Court of Appeals.

Based on the indictment and the facts adduced at trial, appellant, a bail bondsman, was convicted of theft by unlawfully appropriating $1,125.00 sent to him as a bond premium via Western Union money order by Mrs. Griffith of Salisbury, Maryland. Mrs. Griffith sent the money, in an

---

amount requested by appellant, in order for appellant's bail bond company to secure the release of Willard Griffith, who was arrested in Wichita Falls on October 23, 1979. At the time of Willard's arrest for a traffic violation and driving while intoxicated, there were warrants outstanding against him from the States of Virginia and Maryland. No bond was made for Mr. Griffith, who remained in jail for about two weeks before waiving extradition to Maryland. Appellant is said to have kept Mrs. Griffith's money, despite her demand for its return.

Appellant testified at trial that he retained Mrs. Griffith's money because he believed that a bond for the Virginia offense had been posted by his company and was still pending. It seems that at the time appellant set the bond premium at $1,125.00 and contacted Mrs. Griffith to request that she forward that amount, he was only aware of the need to post a $7,500.00 bond for Virginia in order to secure the release of Willard Griffith. Appellant offered company records at trial indicating that the $7,500.00 Virginia bond was prepared by his office and posted as Bond No. 1719 on October 25, 1979. Appellant testified that one of his employees took the $7,500.00 bond over to the jail to secure the release of Willard Griffith on the Virginia charge. When the bond was presented, the appellant learned that Willard Griffith had an additional charge pending in Maryland that would require another bond in the amount of $10,000.00. Appellant's company contacted Mrs. Griffith requesting additional money to satisfy the premium required on the Maryland bond, but Mrs. Griffith was unable to meet the new burden and did not send the money.

For some reason which no one could explain at trial, the sheriff's office failed to file the Virginia bond that appellant's business records show was posted on October 25, 1979. The gist of appellant's mistake of fact defense is that he thought the bond had been filed by the sheriff's office, and that he was therefore obligated to the State of Virginia for its amount, even to the time of trial. Appellant testified, "The status of Willard Thomas Griffith as far as all the records show in my office is still a pending account." The record further reflects the following exchange between appellant and his counsel:

"Q. And prior to the time you were indicted and then got notice about the Griffith matter, if you had looked at those records—let's say in June of 1980, would your records indicate or not that there was still a pending bond for which you were obligated to this County, for Willard Thomas Griffith?

"A. I was actually obligated to Virginia because the bond would be transferred. I would present the bond here in Wichita County, but the bond is made for Virginia. The County would record it and send the bond to Virginia."

The Court of Appeals rejected appellant's assertion that he was entitled to a charge on mistake of fact because:

"... nowhere in his brief does appellant positively assert that the bond was in fact posted on the Virginia warrant. Nor does the record affirmatively show this elementary premise upon which appellant's case rests. Innuendo and inference are the only suggestions that the bond was in fact ever posted. Appellant's failure to establish this primary consideration defeats his claim for an instruction on mistake of fact. There is simply no evidence that the bond was posted." 629 S.W.2d 240, 242–247.

■ Unlike the Court of Appeals, we find appellant's business records and testimony adequately establish *his* mistaken opinion that the Virginia bond had actually been posted and that he remained liable on that bond. V.T.C.A., Penal Code, Section 8.03(a), provides:

"(a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if

his mistaken belief negated the kind of culpability required for the commission of the offense."

■ The rule is clear and well settled that an accused is entitled to an affirmative instruction on the law as to every defensive issue raised by the evidence, including those raised by his testimony alone. *Jackson v. State*, 646 S.W.2d 225, 227 (Tex.Cr. App.1983); *Montgomery v. State*, 588 S.W.2d 950, 952–953 (Tex.Cr.App.1979); *Barton v. State*, 172 Tex.Cr.R. 600, 361 S.W.2d 716, 717 (1962). See also, 23 Tex. Jur.3d, Sections 2851, 2852, page 600.

Appellant requested the following charge:

"It is a defense to this prosecution if the Defendant through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense charged.

"The term 'reasonable belief' means a belief that would be held by an ordinary and prudent person in the same circumstances as the Defendant.

"Therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant committed the acts alleged, but you further believe, or you have a reasonable doubt thereof, that, at the time of the alleged acts, he had through mistake formed a reasonable belief about a matter of fact, to-wit: that he, KENNETH RAY KNOWLES, was liable and obligated on the bond of WILLARD THOMAS GRIFFITH, JR., and that said mistaken belief negated the culpability required for the commission of the offense, as stated in Paragraph XIV of this charge, you will find the defendant not guilty."

We hold it was reversible error to deny appellant's timely request for a charge on the defense of mistake of fact.

The judgments of the Court of Appeals and the trial court are reversed and the cause remanded to the trial court.