IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,222-03






EX PARTE ANDREW JACKSON BURNS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 914428 IN THE 351ST DISTRICT COURT


FROM HARRIS COUNTY 






 Cochran, J., filed a concurring statement in which Keller, P.J., and
Hervey and Alcala, JJ., joined.



 I join the Court's order denying applicant habeas relief on his ineffective assistance
of counsel claim. I do not think that applicant's trial counsel was deficient in failing to ask
for a jury instruction on mistake of fact concerning the kidnapping victim's age, nor do I
believe that applicant has shown prejudice by establishing that a jury would likely have
accepted a mistake-of-fact defense. 

 First, the law is unsettled on whether any mistake-of-fact instruction concerning a
child's age is ever appropriate when a defendant is accused of a crime against a child,
particularly when it is a crime involving sexual abuse. Because the law is unsettled,
applicant has not proven, by a preponderance of the evidence, that his attorney's failure to
request such an instruction constituted constitutionally deficient conduct. Second, it does not
appear that, even if the law allows a mistake-of-fact defense to the child's age, the evidence
at trial would support such an instruction in this case. The trial judge signed applicant's
proposed factual findings, but those findings omit crucial trial evidence relating to whether
applicant could be entitled to a mistake-of-fact instruction. Third, applicant has not proven,
by a preponderance of the evidence, that, had his attorney requested and received such an
instruction, there is a reasonable probability that the jury would have found him "not guilty"
of the kidnapping charge. In sum, I agree that applicant has failed to prove either
constitutionally deficient conduct or prejudice as required under Strickland v. Washington. (1)

I.


 Applicant was charged with the aggravated kidnapping of W.D., a ten-year-old child, 
indecency with a child by exposure, and possession of cocaine. The indictment alleged that
applicant "abducted [W.D.] without her consent, with intent to prevent her liberation by
secreting and holding [her] in a place where [she] was not likely to be found and with intent
to violate and abuse [her] sexually." (2) Under the kidnapping statute, abducting and
restraining a person is, as a matter of law, "without consent" if the person is a child under
fourteen and the child's parent has not consented to the movement or confinement. (3)

 At trial, W.D. testified that, on a June afternoon, she walked from her grandfather's
house to Lockhart Park to meet a playmate who was going to summer school at the nearby
elementary school. When her playmate didn't arrive and there were no other children at the
park, W.D. decided to make the five or ten minute walk back to her grandfather's house. As
she was walking along the sidewalk, a taxi pulled up next to her. Applicant was sitting in the
rear passenger seat, and he told her to get into the cab. W.D. believed that applicant was a
friend of her grandfather's and that he would have the taxi driver take her back to her
grandfather's house. 

 Once inside the cab, applicant asked W.D. what her name was. She told him. He
asked her how old she was. She told him that she was ten years old. Then he gave her a
twenty dollar bill. She saw that the taxi was not going to her grandfather's house, but she
didn't say anything to applicant or the taxi driver. The taxi dropped them off at The Legend
Inn, a motel that rents rooms by the hour. Applicant told W.D. to give him back the twenty
dollar bill he had given her, and he used that money to rent a motel room for two hours. 

 Applicant then walked down the hall of the breezeway to the motel room. W.D.
followed behind. Once applicant and W.D. were inside the motel room, applicant locked the
door and then he "unzipped his pants" and "kind of exposed himself." He told W.D. to take
off her clothes, but she was scared and asked, "Why did [you] bring me here?" Applicant
said that he "wasn't going to do anything wrong to [W.D.]" But W.D. unlocked the deadbolt
and ran out of the room, down the hallway, and over to Derrick Delane, who was at the motel
with a "lady friend."

 Mr. Delane testified that he was in the motel hallway getting some ice when he saw
applicant walk by with a child behind him. He was surprised by this and said to himself,
"Man, what's he doing with this little girl in the motel?" Mr. Delane explained, 

 She looked like the age of a little nine year old, had little shorts and
tennis [shoes]. And like I say, when he walked in she was behind him and I
was like I couldn't believe that he was bringing a kid to a motel room. It just
was-I couldn't believe that, you know.

 That's why I thought it was his daughter or somebody related to him for
him to even feel comfortable doing something like that.


Mr. Delane continued to gather ice from the ice maker for a few minutes until W.D. came
running toward him crying, "This man is trying to rape me in this room, trying to have sex
with me." Mr. Delane grabbed W.D. and took her to the motel office. He told the office
person to keep her there while he went to see what the problem was. As he came out of the
office, applicant came out of the motel room with his pants open and his penis hanging out. 

 Mr. Delane said, "How are you doing, Man? What's wrong?"

 Applicant replied, "Man, I'm in a hurry." Mr. Delane then grabbed him and they
"went to tussling and got into a fight." Mr. Delane knew that he had to keep applicant there
until more people came to help. He felt applicant's pocket to see if he had a weapon because
applicant had walked up with his hands in his pockets. Applicant did not have a weapon, but
he did have a "stem"- a glass tube that is used to smoke crack cocaine. And applicant was
"all droopy-eyed and, you know, like he was in a trance or whatever, you know." He seemed
intoxicated. 

 At first, all applicant said was "Let me go. Let me go." But then he added, "I'll give
you $20 if you let me go." When Mr. Delane said no, he upped his offer to $50, but Mr.
Delane continued to hit applicant and say no because "You got a nine-year-old little girl in
here." Applicant then said, "I thought she was 14." The two men kept fighting until the
police arrived. 

 Officer Paula Camp arrived at the motel to find "the little girl" who "seemed very
fearful, very disoriented, a little confused." Mr. Delane told her that applicant had said that
he thought the girl looked 14, but Mr. Delane said that "she look like she's nine years old. 
She don't look to be 14 to me." (4)

 W.D.'s mother testified that she knew applicant from elementary school forty years
ago. He still lived in the neighborhood, but they never socialize. They are not friends.

 The jury convicted applicant of aggravated kidnapping and possession of cocaine, but
acquitted him of the indecency with a child charge. After hearing that applicant had three
prior felony convictions for possession of cocaine, the jury sentenced him to thirty-five years
in prison on the kidnapping charge and twenty years in prison for the cocaine charge.

 Applicant's convictions and sentences were upheld on appeal. (5) He then filed this
application for a writ of habeas corpus alleging that his trial counsel was constitutionally
ineffective for failing to request a jury instruction on mistake of fact concerning W.D.'s age
and that this failure was prejudicial because "had the jury been instructed on the defense of
mistake of fact, there is a reasonable probability that the outcome of the trial would have
been different."

II.


A. The Strickland Standard

 A defendant has a Sixth Amendment right to effective assistance of counsel. To
obtain habeas corpus relief for ineffective assistance of counsel under Strickland v.
Washington, an applicant must show that (1) counsel's performance was unconstitutionally
deficient, and (2) "there is a 'reasonable probability'--one sufficient to undermine
confidence in the result--that the outcome would have been different but for his counsel's
deficient performance." (6)

 There "are countless ways to provide effective assistance in any given case," so a
reviewing court must be highly deferential and "indulge a strong presumption that counsel's
conduct falls within the wide range of reasonable professional assistance; that is, the
defendant must overcome the presumption that, under the circumstances, the challenged
action might be considered sound trial strategy." (7) Strategic or tactical decisions are not
deficient "unless the challenged conduct was 'so outrageous that no competent attorney
would have engaged in it.'" (8) To establish prejudice, one must show "that counsel's errors
were so serious as to deprive defendant of a fair trial, a trial whose result was reliable." (9) 

 The applicant has the burden to prove ineffective assistance of counsel by a
"preponderance of the evidence." (10) His allegations of ineffectiveness must be firmly based
on the record evidence and the controlling law. (11) "The reviewing court must look to the
totality of the representation, and its decision must be based on the facts of the particular
case, viewed at the time of counsel's conduct so as to eliminate hindsight bias." (12) The
"ultimate focus of inquiry must be on the fundamental fairness of the proceeding[.]" (13)

B. Mistake of Fact

 The defense of mistake of fact is codified in Section 8.02(a) of the Texas Penal Code,
which provides that it is a defense to prosecution if the actor, through a mistake, formed a
reasonable belief about a matter of fact that negates the kind of culpability required for
commission of the offense. (14) It has sometimes been said that the mistake must directly
negate the culpable mental state required by the offense. (15) At a minimum, the defense
requires that, if the facts were as the actor reasonably believed them to be, his conduct would
not be unlawful or blameworthy. (16) 

 Generally, no culpable mental state applies to a child's age in Texas criminal offenses. 
Thus, we held that, in a capital murder prosecution for the intentional killing of a child under
six years of age, the State need not prove that the defendant knew that the child victim was,
in fact, under six. (17) We explained that, "the compelling need to protect young children from
violence" is a sufficient basis for dispensing with a culpable mental state concerning the age
of a child. (18) "The safety of children provides a sufficient rationale to permit the legislature
to hold offenders liable when they intentionally or knowingly kill and the victim is a young
child." (19) Similarly, injury to a child does not require a culpable mental state as to the age of
the victim. (20) And knowledge or intent with respect to the victim's age is not an element of
indecency with a child. (21) In prosecutions for sexual assault and aggravated sexual assault the
defendant need not know that the victim is a child, and a child cannot consent to sexual acts. 
These are all strict liability offenses when it comes to child victims. Therefore, we have long
held that even a very reasonable mistake of fact with respect to the child victim's age is not
a defense to sex offenses. (22)

III.


A. Does the Defense of Mistake of Fact Apply to the Aggravated Kidnapping of a
Child Under Fourteen Whom the Defendant Abducts for the Purpose of Sexual
Abuse?

 We have never addressed the question of whether a mistake of fact defense could
apply to an aggravated kidnapping prosecution under Section 20.04 when the defendant
abducts a child under fourteen with the intent to sexually abuse her. As noted above,
virtually all Texas statutes with provisions concerning a child as the victim of a crime have
been interpreted as containing no culpable mens rea concerning the age of the child and no
allowance for a mistake-of-fact defense concerning that child's age. Applicant fails to
acknowledge this line of cases or distinguish those cases from the present situation in which
"restraint" under the kidnapping statute is without the victim's consent when the victim is
a child under fourteen. Furthermore, the State, in this case, pled that applicant's intent in
restraining the child was to sexually abuse her. Thus, one would think that this type of
kidnapping is directly analogous to the sexual assault of a child statue in which mistake of
fact or ignorance of the victim's age is never a defense. (23)

 Applicant relies upon a single 1890 decision rendered by the Texas Court of Appeals,
the predecessor to our Court. In Mason v. State, (24) the defendant was charged with both
abducting and kidnapping a female under fourteen. He was convicted of abducting the
female for the purpose of prostitution. (25) In that case, the girl testified that she was thirteen
at the time the defendant took her from her home. But all of the other evidence showed that
she was over fifteen. (26) The court reversed the defendant's conviction both because (1) he
was entitled to a special instruction on mistake of fact, and (2) the evidence was insufficient
to show that the girl was under fourteen. (27) The court cited to the then-existing mistake-of-fact statutes (28) and explained,

 If the defendant, at the time he took the girl away from her home, was
mistaken as to her age, believing her to be over 17 years of age, and if such
mistake did not arise from a want of proper care on his part, and if the girl
went with [him] voluntarily, he would not be guilty of either of the offenses
charged in the indictment. (29) 

 In more than 110 years, Mason has never been cited or relied upon for its mistake-of-fact reasoning or its result concerning a child's age in any kidnapping or sexual offense. The
case seemed to revolve more around the fact that the evidence was insufficient to show the
girl was a child, rather than a reasonable mistake of fact by the defendant. Given the modern
trend toward protecting children and holding the defendant strictly liable for ignorance or
even reasonable mistakes concerning a child's age, it seems unlikely that modern Texas
courts would follow the mistake-of-fact reasoning in Mason in the context of kidnapping a
child with intent to sexually abuse her. (30)

 Although it is possible that this Court might reaffirm the reasoning in Mason, that
would fly in the face of modern Texas jurisprudence when no other post-1974 cases have
held that the mistake-of-fact defense applies to the age of a child in a sexual offense. Thus,
the question of whether a defendant is entitled to a mistake-of-fact instruction concerning his
reasonable belief that the child he restrained was, in fact, fourteen or older, is, at best, an
unsettled question of law. (31)

 I agree that applicant did not prove that his trial lawyer was ineffective for failing to
request a mistake-of-fact instruction concerning the age of the child in a prosecution for
aggravated kidnapping of a child with the intent to commit sexual abuse because the law in
that area is unsettled.

B. There Is No Evidence that Applicant "Reasonably" Believed That W.D. Was
Fourteen Years Old.

 Before a defendant is entitled to an instruction on a mistake of fact under Section 8.02
of the Penal Code, he must offer some evidence that (1) he formed a mistaken belief about
a matter of fact that negated the kind of culpability required for commission of the crime; and
(2) his belief was a reasonable one that would be held by an ordinary and prudent person in
the same circumstances as the actor. (32) 

 The defendant has the initial burden to produce some evidence for both prongs of the
defense: (1) he did form a mistaken belief, and (2) this evidence would support a rational
inference that his mistaken belief was a reasonable one. As we explained in Shaw v. State,

 under §2.03(c), a defense is supported (or raised) by the evidence if there is
some evidence, from any source, on each element of the defense that, if
believed by the jury, would support a rational inference that that element is
true. In determining whether a defense is thus supported, a court must rely on
its own judgment, formed in the light of its own common sense and
experience, as to the limits of rational inference from the facts proven. If a
defense is supported by the evidence, then the defendant is entitled to an
instruction on that defense, even if the evidence supporting the defense is weak
or contradicted, and even if the trial court is of the opinion that the evidence
is not credible. But the evidence must be such that it will support a rational
jury finding as to each element of the defense. (33)


 The only evidence that supports applicant's mistake-of-fact defense is his statement
to Mr. Delane, "I thought she was 14." That statement supports the first element of the
defense-that applicant had a mistaken belief about W.D.'s age. But what evidence is in the
record to support the second element of that defense-that applicant's mistaken belief was 
a "reasonable" one that would be held by an ordinary and prudent person in his position? 
Applicant points to no evidence in the record from which one could infer that his mistaken
belief was reasonable. (34) On the contrary, there is ample evidence that applicant's mistaken
belief was unreasonable as a matter of law. The evidence shows that (1) W.D. explicitly told
applicant, right after she got into the taxi, that she was ten years old; (2) Mr. Delane, when
he first saw W.D. walk by in the motel breezeway, immediately concluded that she looked
like she was nine years old because she was a small child wearing a ponytail, shorts and
tennis shoes; (3) Mr. Delane thought applicant's statement that he thought W.D. was 14 was
not believable because she did not look older than nine; and (4) the police officer found that
"the little girl"-W.D.-"seemed very fearful, very disoriented, a little confused." One who
reasonably appears to be fourteen would not normally be called "the little girl" by a police
officer.

 The reasonableness of a defendant's mistaken belief is generally for the jury to
determine because the jury is the judge of credibility, (35) but there must be evidence in the
record that would support a rational inference that the defendant's mistaken belief is
reasonable before the issue may go to the jury. (36) "If a jury were instructed as to a defense
even though the evidence did not rationally support it, then the instruction would constitute
an invitation to the jury to return a verdict based on speculation." (37)

 In Mason-the case that applicant relies upon-the defendant testified that the girl told
him that she was eighteen and the mother of a child. Other evidence in the case supported
a rational finding that she was, in fact, over the age of fifteen. There is no such evidence in
this case. Applicant's bare statement-"I thought she was 14"-is sufficient to support a
finding that he had a mistaken belief, but it is not sufficient to support a rational inference
that his mistaken belief about W.D.'s age was a reasonable one that would be held by an
ordinary prudent person under the circumstances.

 Thus, I do not think that, even if applicant's counsel had asked for an instruction on
the defense of mistake of fact, the trial judge would have been obliged to give such an
instruction. Applicant's counsel cannot be called constitutionally ineffective for failing to
ask for a jury instruction to which he was not entitled. (38)

C. Applicant Has Not Shown Prejudice.

 Even if applicant's attorney was deficient in failing to request an instruction on
mistake of fact and even if the trial judge might have given such an instruction, applicant has
not shown, by a preponderance of the evidence, that this omission prejudiced his right to a
fair trial. He has not shown that a jury would likely have found that applicant's mistaken
belief about W.D.'s age was a reasonable one.

 Under the second part of the Strickland analysis, applicant must establish that the
"constitutionally deficient performance prejudiced his defense--that is, he must show that
'there is a reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different.'" (39) "A reasonable probability is a probability
sufficient to undermine confidence in the outcome." (40) When making this determination, any
constitutionally deficient acts or omissions will be considered in light of the "totality of the
evidence before the judge or jury." (41) 

 Given the evidence in this case, I cannot find any rational basis for a jury to conclude
that applicant's mistaken belief that W.D. was fourteen years old was reasonable under the
circumstances. Certainly there is not sufficient evidence to support a finding, by a
preponderance of the evidence, that a jury likely would have found that applicant's mistaken
belief was a reasonable one. (42)

 Applicant argues that, because the jury acquitted applicant of indecency with a child,
the jurors must have disbelieved W.D.'s testimony that applicant had exposed himself to her. 
Therefore, his argument goes, they might well have disbelieved her testimony that she told
applicant that she was ten years old. 

 This argument is based on speculation. (43) We do not know why the jury convicted
applicant of aggravated kidnapping with the intent to sexually abuse W.D. while acquitting
him of indecency with a child. But speculation as to the reasons for the jury's split verdicts
does not establish, by a preponderance of the evidence, that the jury likely would have
accepted applicant's mistake-of-fact defense as being reasonable. Neither the deficient
conduct nor the prejudice prong of Strickland may be based on speculation. Rather, the
evidence in the record must affirmatively support both prongs. (44) 

 Because I do not think that applicant has proven, by a preponderance of the evidence,
that his trial counsel provided constitutionally deficient assistance or that any purported
deficiency so prejudiced applicant that the jury's guilty verdict cannot be relied upon, I join
the Court's order denying applicant relief on his habeas corpus claim.

Filed: January 25, 2012

Do Not Publish
1. 466 U.S. 668 (1984).
2. See Tex. Penal Code § 20.04(a)(4) (Aggravated Kidnapping) ("A person commits an
offense if he intentionally or knowingly abducts another person with the intent to . . . violate or
abuse him sexually").
3. Tex. Penal Code § 20.01(1)(B)(I) ("Restraint is 'without consent' if it is accomplished
by . . . any means, including acquiescence of the victim, if the victim is a child who is less than
14 years of age . . . and the parent . . . has not acquiesced in the movement or confinement").
4. At the time of trial, Mr. Delane was on probation-for kidnapping no less.
5. Burns v. State, No. 14-03-00156-CR, 14-03-00157-CR (Tex. App.- Houston [14th Dist.]
May 18, 2004) (not designated for publication).
6. Ex parte Chandler, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005) (citing Strickland v.
Washington, 466 U.S. 668, 694 (1984)).
7. Strickland, 466 U.S. at 689 (quotation marks and citations omitted).
8. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).
9. Strickland, 466 U.S. at 687.
10. Ex parte Martinez, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).
11. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (defendant must
affirmatively prove both deficient conduct and prejudice; "[a]ny allegation of ineffectiveness
must be firmly founded in the record and must affirmatively demonstrate the allege
ineffectiveness"); Vaughn v. State, 931 S.W.2d 564, 566-67 (Tex. Crim. App. 1996) (counsel
could not be found ineffective when there was "no caselaw clearly supporting [his] claim").
12. Ex parte Martinez, 330 S.W.3d at 901; see also Strickland, 466 U.S. at 689-90.
13. Strickland, 466 U.S. at 696.
14. Tex. Penal Code § 8.02(a).
15. See Beggs v. State, 597 S.W.2d 375, 377-78 (Tex. Crim. App. 1980) ("kind of
culpability" means "culpable mental state."); Granger v. State, 3 S.W.3d 36, 41 (Tex. Crim. App.
1999) ("When an accused creates an issue of mistaken belief as to the culpable mental element of
the offense, he is entitled to a defensive instruction on 'mistake of fact'") (internal quotation
marks omitted).
16. See, e.g., Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991) (in kidnapping
prosecution, mistake-of-fact defense applied to a mistake concerning whether infant's parent had
consented to defendant's act of taking the child to Florida); Knowles v. State, 672 S.W.2d 478,
479-80 (Tex. Crim. App. 1984) (defendant bail bondsman was entitled to instructions on
mistake-of-fact defense in theft prosecution based on his mistaken belief that he had posted bond
for principal with money sent to him for bond premium); Montgomery v. State, 588 S.W.2d 950,
953 (Tex. Crim. App. 1979) (defendant in aggravated robbery case was entitled to mistake-of-fact instructions when he testified that he was following instructions of third party, who he
erroneously believed to be law enforcement officer, who told him that they were involved in a
drug "sting" operation and that, under no circumstances, was he to let money get away at time he
insisted, that the victim give him, at gunpoint, $18,000).
17. Black v. State, 26 S.W.3d 895, 897 -899 (Tex. Crim. App. 2000) ("We hold that there is
no requirement in section 19.03(a)(8) that an offender know or intend that his victim be a child
under six.").
18. Id. at 898.
19. Id. 
20. Zubia v. State, 998 S.W.2d 226, 227 (Tex. Crim. App. 1999). 
21. Johnson v. State, 967 S.W.2d 848, 849-50 (Tex. Crim. App. 1998).
22. See Vasquez v. State, 622 S.W.2d 864, 865-66 (Tex. Crim. App. 1981) (stating that,
under well-established Texas law, "it had consistently been held that a female under the age fixed
by statute was deemed in law to be incapable of consenting to an act of sexual intercourse, and
one who had committed the act on her was guilty of rape, notwithstanding the fact that he had
obtained her actual consent, or was ignorant of her age, or even though she invited or persuaded
him to have intercourse with her."). The Court, in Vasquez, quoted the Commentary to Section
21.09 of the 1974 Penal Code-the "statutory rape" provision-that carried forward the former law
rejecting a "mistake of fact" defense.

 [W]hen the fact is age in sexual offenses involving children Texas Courts and
those of most other American jurisdictions have denied the defense of ignorance
or mistake. . . . The 1970 proposed code would have partially changed this
rule . . . thus recognizing that the ignorant or mistaken actor does not possess the
culpability this code requires for imposition of criminal responsibility, by making
reasonable ignorance or mistake about age between 14 and 16 (now 17) a defense,
but this limited change was rejected.

Id. at 865. See generally, Colin Campbell, Annotation, Mistake or Lack of Information as to
Victim's Age as Defense to Statutory Rape, 46 A.L.R.5th 499, 499 (1997). 
23. See Johnson, 967 S.W.2d at 849; Vasquez, 622 S.W.2d at 865-66 (stating that Texas
law has long denied the defense of ignorance or mistake of law in relation to sexual offenses
involving children).
24. 14 S.W. 71 (Tex. Ct. App. 1890).
25. Id. at 71.
26. The court noted that

 it was proved that before the alleged offense she told the defendant that she was
18 years old, was a woman grown, and had been the mother of a child. There was
other evidence tending strongly to show that at the time of her alleged abduction
she was more than 15 years of age. We think that the evidence preponderates that
she was over that age. If she was over said age, and consented to go with
defendant, he is not guilty as charged.

Id. at 72. 
27. Id. At that time, cases reversed for insufficient evidence could be retried. It was not
until 1978 that the United States Supreme Court held that double jeopardy barred a retrial after
an appellate finding of legally insufficient evidence. Burks v. United States, 437 U.S. 1 (1978).
28. Tex. Penal Code art. 45 (1879) ("[I]f a person laboring under a mistake, as to a
particular fact, shall do an act which would otherwise be criminal, he is guilty of no offense");
id., art. 46 ("[T]he mistake as to fact which will excuse, under the preceding article, must be such
that the person so acting under a mistake would have been excused had his conjecture as to the
fact been correct; and it must also be such a mistake as does not arise from a want of proper care
on the part of the person committing the offense."). We have stated that the "does not arise from
a want of proper care" phraseology is roughly equivalent to the current "reasonable belief" term
in Section 8.02. Thompson v. State, 236 S.W.3d 787, 794 (Tex. Crim. App. 2007).
29. Mason, 14 S.W. at 72.
30. Applicant also relies on Miller v. State, 815 S.W.2d 582 (Tex. Crim. App. 1991), for
the proposition that a mistake-of-fact defense applies to the element of "abduction" under the
kidnapping statute. Miller concerned a mistaken belief that the child's parent had acquiesced in
the movement or confinement, not a mistaken belief about the age of the child. Id. at 585.
31. See Ex parte Smith, 296 S.W.3d 78, 81 (Tex. Crim. App. 2009) (counsel may not be
held to have provided ineffective assistance when the pertinent law is unsettled); Ex parte
Chandler, 182 S.W.3d 350, 358-59 (Tex. Crim. App. 2005); Ex parte Welch, 981 S.W.2d 183,
184 (Tex. Crim. App. 1998) ("[W]e will not find counsel ineffective where the claimed error is
based upon unsettled law.").
32. See Hill v. State, 765 S.W.2d 794, 795-797 (Tex. Crim. App. 1989) (noting that section
2.03 of the Penal Code requires the defendant to produce evidence supporting a defense, and
concluding that the defendant "was entitled to have the jury instructed on the defense of mistake
of fact if there was some evidence before the jury that through mistake he formed a reasonable
belief about a matter of fact and his belief negated the culpability essential to the State's case.");
see generally Shaw v. State, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007).
33. 243 S.W.3d at 657-58 (footnotes omitted).
34. Such evidence might include, for example, that W.D. had told applicant that she was
fourteen, or evidence that she was wearing high-heels, make-up, and earrings, or that she was
abnormally well-developed for a ten year old. Most ten-year-old girls are in the fourth or fifth
grade, and they look like "little girls." Most fourteen-year-old girls are freshmen in high school
and look like teenagers.
35. Granger v. State, 3 S.W.3d 36, 41 (Tex. Crim. App. 1999) (stating that a defendant has
the right to an instruction on any defensive issue that is raised by the evidence regardless of
whether that evidence is weak or strong and regardless of its credibility "to insure that the jury,
not the judge, will decide the relative credibility of the evidence"; but noting that "[i]f the
evidence viewed in a light favorable to [the defendant] does not establish a mistake of fact
defense, an instruction is not required.").
36. Tex. Penal Code § 2.03(c) ("
The issue of the existence of a defense is not submitted
to the jury unless evidence is admitted supporting the defense."); See Juarez v. State, 308 S.W.3d
398, 404 (Tex. Crim. App. 2010) ("The defendant bears the burden of showing that each element
of the defense has been satisfied"); Shaw, 243 S.W.3d at 657; Ferrel v. State, 55 S.W.3d 586,
591 (Tex. Crim. App. 2001) ("A defendant is entitled to an instruction on self-defense if the issue
is raised by the evidence," but "if the evidence, viewed in the light most favorable to the
defendant, does not establish self-defense, the defendant is not entitled to an instruction on the
issue."); Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App.1984). "[A] defense is supported
(or raised) by the evidence if there is some evidence, from any source, on each element of the
defense that, if believed by the jury, would support a rational inference that that element is
true.").
37. Shaw, 243 S.W.3d at 658.
38. See Ex parte Chandler, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) ("[A] reasonably
competent counsel need not perform a useless or futile act, such as requesting a jury instruction
to which the defendant is not legally entitled or for which the defendant has not offered legally
sufficient evidence to establish. Requesting a jury instruction to which one is not legally entitled,
merely for the sake of making the request, is not the benchmark for a competent attorney.")
(footnote omitted).
39. Id. at 354 (quoting Strickland, 466 U.S. at 694).
40. Strickland, 466 U.S. at 694.
41. Id. at 695; Ex parte Nailor, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004).
42. Applicant argues that his trial counsel "did not provide a defense to the aggravated
kidnapping because counsel did not provide an innocent explanation for why applicant took
W.D. to the motel." But showing that applicant was mistaken about W.D.'s age and thought he
was taking a fourteen year old child to a motel that rents rooms by the hour does not provide any
innocent explanation for his behavior.
43. The State argues that the jury could have found applicant guilty based on a finding that
W.D.'s restraint was without consent because it was accomplished by force, intimidation, or
deception. This theory was included in the jury charge, but-as applicant correctly notes-there
was no evidence suggesting that applicant restrained W.D. by any of those means. Similarly,
there is no evidence that would support a finding that applicant's mistaken belief was reasonable. 
There is no evidence that suggests the jury disbelieved W.D. when she said she told applicant
that she was ten years old. And there is no evidence to suggest that the jury disbelieved Mr.
Delane when he said W.D. looked like she was nine years old. All of these arguments, both by
the State and applicant, are sheer speculation.
44. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Absent both showings an
appellate court cannot conclude the conviction resulted from a breakdown in the adversarial
process that renders the result unreliable.") (citations omitted); McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996) ("After proving error, appellant must affirmatively prove
prejudice. Appellant must prove that counsel's errors, judged by the totality of the
representation, not by isolated instances of error or by only a portion of trial, denied him a fair
trial. It is not enough for appellant to show that the errors had some conceivable effect on the
outcome of the proceedings. He must show that there is a reasonable probability that, but for
counsel's errors, the factfinder would have had a reasonable doubt respecting guilt and/or the
sentence . . . . In reviewing this determination, we consider the totality of the evidence before the
jury.") (citations omitted).