IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0207-12






CHIDIEBELE GABRIEL OKONKWO, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


FORT BEND COUNTY





 Alcala, J., delivered the opinion of the Court in which Keller, P.J., and Price,
Womack, Johnson, Keasler, Hervey, and Cochran, JJ., joined. Cochran, J., filed
a concurring opinion in which Johnson and Hervey, JJ., joined. Meyers, J., did not
participate. 


O P I N I O N 



 The State's petition for discretionary review asks whether trial counsel for Chidiebele
Gabriel Okonkwo, appellant, rendered ineffective assistance by failing to request a jury
instruction on the defense of mistake of fact. (1) Answering this question in the affirmative, the
court of appeals reversed appellant's conviction for forgery of money. Okonkwo v. State, 357
S.W.3d 815, 821 (Tex. App.--Houston [14th Dist.] 2011); Tex. Penal Code § 32.21(b). (2)
The State asserts two challenges. First, it contends that the court of appeals erroneously used
a subjective standard to assess whether defense counsel was ineffective. Second, it argues
that, under an objective standard, counsel could not be held ineffective for failing to request
a mistake-of-fact instruction because the State had to prove that appellant knew the money
was forged as an element of its case. We disagree with the State on its first challenge and
agree on its second. The court of appeals did properly apply an objective standard, although
it erred by failing to weigh the evidence in a light most favorable to the trial court's ruling.
Furthermore, the court of appeals erred by determining that counsel was objectively
ineffective in light of the record in this case, which shows that it was an inconsistent,
alternative theory asserted by appellant's trial counsel, and its inclusion may have lessened
the State's burden of proof. We, therefore, reverse the judgment of the court of appeals.

I. Background

 A. Facts

 According to appellant, he received $60,000 dollars in the mail from a man in Nigeria
whom he had never met, who told appellant that he needed assistance in making purchases
in the United States. Appellant claimed that he believed the money was authentic currency. 
He took the money to three different locations with the intent of obtaining money orders. 
After he successfully obtained two money orders, he was arrested when a clerk who was
suspicious about the authenticity of the money called the police. The police confirmed that
the money had been forged. At trial, the sole issue was whether appellant knew that the
money was forged.

 The jury instructions required the State to prove that appellant, "with the intent to
defraud and harm another, possess[ed] a forged writing, namely money, and . . . possessed
the writing with the intent to pass the writing and with knowledge that the writing was forged
. . . ." Focusing on the instruction's requirement that a defendant act with the intent to
defraud or harm another, appellant's counsel argued in his closing statements that the State
had failed to prove forgery because a person cannot "intentionally or intend to act to defraud
or harm another with currency that you don't know is counterfeit." Rejecting this argument,
the jury found appellant guilty.

 Appellant filed a motion for new trial claiming that he had received ineffective
assistance of counsel based on counsel's failure to request the inclusion of a mistake-of-fact
instruction. The only evidence introduced was counsel's affidavit, in which he stated that his
failure to make the request was inadvertent and not the result of trial strategy. The trial court
denied the motion for new trial without rendering findings of fact or conclusions of law.

 B. Direct Appeal and State's Petition for Discretionary Review 

 The court of appeals reversed appellant's conviction. Okonkwo, 357 S.W.3d at 819-21. It determined that counsel was ineffective for failing to request the instruction on mistake
of fact and concluded that this error harmed appellant because the jury was precluded from
considering his sole defense. Id. The State challenges this analysis in two grounds in its
petition for discretionary review. 

 First, as on direct appeal, the parties dispute whether a subjective or objective standard
should be used to assess the effectiveness of counsel. Appellant prefers the former and the
State the latter. Focusing on this dispute, the State asks, "Must a reviewing court look beyond
the testimony of trial counsel to determine whether not requesting a mistake-of-fact
instruction was objectively reasonable?" 

 Second, also as on direct appeal, the parties dispute whether counsel was ineffective
by failing to request an instruction on mistake of fact. The State argues that counsel was not
ineffective because the substance of the mistake-of-fact instruction was subsumed by the
charge describing the elements of the offense and that the instruction, which lessened the
State's burden of proof, would not have benefitted appellant. Appellant responds that, even
if that is true, he was nonetheless statutorily entitled to that defense, which was his only
defense, and that counsel, therefore, was ineffective in failing to request it. Addressing this
dispute, the State's second ground for review asks, "Can it ever be deficient performance not
to request a mistake-of-fact instruction when the offense requires the State to prove
knowledge of that fact beyond a reasonable doubt?" 

 As to these two grounds, we conclude that, under an objective standard, appellant's
counsel was not unreasonable in failing to request the instruction. Counsel, therefore, did not
render deficient performance. II. Strickland (3) Error Standard Is Objective

 In its first ground for review, the State argues that the court of appeals improperly
focused on counsel's subjective self-assessment rather than reviewing his conduct
objectively. Appellant responds that the court of appeals properly considered counsel's
admission that his failure to request the instruction was not tactical. In deciding an
ineffective-assistance claim, a reviewing court must analyze the reasonableness of counsel's
conduct on the facts of the particular case, viewed at the time of the conduct. Strickland v.
Washington, 466 U.S. 668, 690 (1984). An appellant must identify counsel's acts or
omissions that he alleges are not the result of reasonable professional judgment. Id. The court
must then determine whether, in light of all the circumstances, the acts or omissions were
outside the wide range of professionally competent assistance. Id. "[A]n act or omission that
is unprofessional in one case may be sound or even brilliant in another." Ex parte Chandler,
182 S.W.3d 350, 354 (Tex. Crim. App. 2005) (internal quotations omitted).

 Courts "commonly assume a strategic motive if any can be imagined and find
counsel's performance deficient only if the conduct was so outrageous that no competent
attorney would have engaged in it." Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App.
2005); see also Bone v. State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002). However,
when no reasonable trial strategy could justify his conduct, counsel's performance falls
below an objective standard of reasonableness as a matter of law, regardless of counsel's
subjective reasons for his conduct. Andrews, 159 S.W.3d at 102; see also Lopez v. State, 343
S.W.3d 137, 143 (Tex. Crim. App. 2011). Therefore, the focus of appellate review is the
objective reasonableness of counsel's actual conduct in light of the entire record. 

 Appellant cites Hardwick v. Crosby for the proposition that "[t]he mere incantation
of 'strategy' does not insulate attorney behavior from review." 320 F.3d 1127, 1186 (11th
Cir. 2003). Neither, however, does the mere incantation of "no strategy." As Hardwick
states, the appellate court reviews "attorney behavior." Id.

 Contrary to the State's suggestion that the court of appeals used a subjective standard
to find ineffective assistance based solely on counsel's testimony, the court of appeals
articulated and applied an objective standard. It based its decision not only on counsel's
affidavit (4) but also on the facts that (1) mistake of fact was appellant's only defense and (2)
he would have been entitled to an instruction had he requested it. See Okonkwo, 357 S.W.3d
at 819-20. Although we ultimately disagree with its application of the objective standard,
which we address in the State's second ground for review, we hold that the court of appeals
did properly employ an objective standard to evaluate counsel's performance. We, therefore,
overrule the State's first ground for review.

III. Counsel's Failure to Request Mistake-of-Fact Instruction 

Was Not Objectively Unreasonable

 In its second ground for review, the State asks, "Can it ever be deficient performance
not to request a mistake-of-fact instruction when the offense requires the State to prove
knowledge of that fact beyond a reasonable doubt?" Appellate courts, however, should
decide cases on the narrowest available ground, and resolution of this case does not require
resolution of this question as it might to pertain to all other cases. See Randolph v. State, 353
S.W.3d 887, 895 n.32 (Tex. Crim. App. 2011) ("The prudent jurist will typically decide cases
on the narrowest, surest ground available, leaving tougher calls, with broader implications,
for future cases that squarely present them.") (internal quotations omitted). Instead, we need
only decide whether the court of appeals erred in reversing the trial court's denial of
appellant's motion for new trial claiming ineffective assistance of counsel. We conclude that
it did.

 A. Deferential Standard of Review 

 As noted above, the trial court denied appellant's motion for new trial. An appellate
court reviews a trial court's denial of a motion for new trial for an abuse of discretion,
reversing only if the trial court's ruling was clearly erroneous and arbitrary. Riley v. State,
378 S.W.3d 453, 457 (Tex. Crim. App. 2012). A trial court abuses its discretion if no
reasonable view of the record could support its ruling. Id. This requires the appellate court
to view the evidence in the light most favorable to the trial court's ruling. Id. In the absence
of express findings, as here, we presume that the trial court made all findings, express and
implied, in favor of the prevailing party. Id. at 459.

 The trial court, as factfinder, is the sole judge of witness credibility at a hearing on a
motion for new trial with respect to both live testimony and affidavits. Id. Accordingly, the
appellate court must afford almost total deference to a trial court's findings of historical facts
as well as mixed questions of law and fact that turn on an evaluation of credibility and
demeanor. Id. at 458. This same deferential review must be given to a trial court's
determination of historical facts based solely on affidavits, regardless of whether the
affidavits are controverted. Id. at 457. Here, in viewing the evidence in a light most
favorable to the trial court's ruling, the court of appeals should have deferred to the trial
court's implied finding that counsel's affidavit lacked credibility. In the absence of that
affidavit, the court of appeals should have examined the totality of the record in a light most
favorable to the trial court's ruling to assess whether counsel, under an objective standard,
rendered ineffective assistance.

 B. Counsel Did Not Render Ineffective Assistance

 Appellant was charged with forgery of a writing, which required the State to prove
that he acted "with intent to defraud or harm another." Tex. Penal Code § 32.21(b). When
intent to defraud is the mens rea of the offense, the State must prove facts from which that
intent is deducible beyond a reasonable doubt and, in the absence of that proof, a conviction
will not be justified. Stuebgen v. State, 547 S.W.2d 29, 32 (Tex. Crim. App. 1977). Because
an element of the State's case required proof that appellant acted with the intent to defraud
or harm another, the State necessarily had to prove that he knew that the bills were forged,
which was the same fact about which appellant claimed to have been mistaken. As this Court
has explained, "While the requisite culpable mental state [for the offense of forgery of a
writing] is 'intent to defraud or harm,' we fail to perceive how such culpable mental state can
be shown absent proof of knowledge that the instrument is forged." Id. The State, therefore,
correctly observes that proof of the culpable mental state necessarily proves lack of mistake
regarding the authenticity of the bills. 

 Relying on this observation, the State contends that appellant would not have been
entitled to an instruction on mistake of fact because the instruction was unnecessary. It argues
that when an offense "requires proof of knowledge beyond a reasonable doubt, there is no
reason to also instruct the jury that a reasonable doubt on the issue [of knowledge] requires
that the defendant be acquitted." In other words, the State suggests that, because the
substance of the mistake-of-fact defense was subsumed by the charge and merely negated an
element the State was required to prove, a mistake-of-fact instruction would not have been
required and served no purpose. See Bruno v. State, 845 S.W.2d 910 (Tex. Crim. App.
1993). (5) By contrast, appellant contends that, because the mistake-of-fact instruction is
codified, it must be given if it negates a defendant's culpable mental state, is raised by the
evidence, and is requested by a party. See, e.g., Willis v. State, 790 S.W.2d 307, 314-15 (Tex.
Crim. App. 1990); Giesberg v. State, 984 S.W.2d 245, 249-50 (Tex. Crim. App. 1998). (6) This
Court has not yet resolved this dispute, and we need not do so here in the context of a
complaint of ineffective assistance of counsel because, under either of the scenarios
promoted by the State and appellant, appellant has not shown that counsel was objectively
unreasonable in failing to request an instruction on mistake of fact.

 The evidence introduced by appellant's trial counsel suggested defensive theories that
inconsistently asserted either (1) that appellant lacked criminal intent because he honestly
believed that the bills were genuine, even if he was unreasonable in that belief, (7) or,
alternatively, (2) that he was reasonably mistaken about the authenticity of the bills. (8) The
first alternative theory promoted by appellant's trial counsel was addressed by the jury
instruction that expressly preconditioned a conviction upon a jury finding that appellant knew
the currency was not authentic. In other words, the instructions on the forgery elements
required the State to prove beyond a reasonable doubt that appellant actually knew the bills
were forged. By comparison, had counsel pursued an instruction on mistake of fact to
address his second alternative theory, the jury would have also had to decide whether that
belief was reasonable. See Tex. Penal Code § 8.02(a). This would have been problematic
for appellant because the instruction would have decreased the State's burden of proof by
permitting the jury to convict him if it concluded that his mistake was unreasonable, even if
it found that the belief was honest. Therefore, counsel was not objectively unreasonable in
failing to request an instruction that may have caused the jury to convict him based on a
lessened burden of proof.

 Even if the law permitted counsel to obtain an instruction on mistake of fact under
these circumstances, the failure to request the instruction was not objectively unreasonable
because defensive issues "frequently depend upon trial strategy and tactics." See Tolbert v.
State, 306 S.W.3d 776, 779-82 (Tex. Crim. App. 2010); see also Vasquez v. State, 830
S.W.2d 948, 950 n.3 (Tex. Crim. App. 1992) ("[J]ust because a competent defense attorney
recognizes that a particular defense might be available to a particular offense, he or she could
also decide it would be inappropriate to propound such a defense in a given case."). Under
the record in this case, we conclude that counsel was not objectively unreasonable by failing
to request an instruction on mistake of fact because that theory was inconsistent with a 
theory that counsel advanced at trial, and it would have misled the jury as to the State's
burden of proof. (9) We, therefore, cannot conclude that the trial court's ruling was clearly
erroneous and arbitrary and that no reasonable view of the record could support it. See Riley,
378 S.W.3d at 457. In light of the entire record, we hold that the court of appeals erred in
determining that the trial court abused its discretion. We sustain the State's second issue as
we have narrowly construed it.

IV. Conclusion

 We reverse the judgment of the court of appeals and render a judgment affirming the
judgment of the trial court.


Delivered: May 15, 2013

Publish
1. The mistake-of-fact defense is codified at Texas Penal Code Section 8.02, which provides,
"It is a defense to prosecution that the actor through mistake formed a reasonable belief about a
matter of fact if his mistaken belief negated the kind of culpability required for commission of the
offense." Tex. Penal Code § 8.02(a). 
2. Appellant was charged with forgery of money, a third-degree felony. Tex. Penal Code §
32.21(b) (person commits offense if he "forges a writing with intent to defraud or harm another") 
& (e)(1) (when writing is part of an issue of money, forgery is third-degree felony).
3. Strickland v. Washington, 466 U.S. 668, 688 (1984) (to prevail on ineffective-assistance
claim, defendant must prove (1) that counsel's performance fell below objective standard of
reasonableness and (2) that deficient performance actually prejudiced defendant). We do not reach
the prejudice inquiry because we determine that counsel did not perform unreasonably.
4. As we note below, the court of appeals should have examined the record in a light most
favorable to the trial court's ruling and, therefore, should have entirely disregarded counsel's
affidavit.
5. In Bruno, an unauthorized-use-of-a-motor-vehicle case, Bruno testified that the owner of the
vehicle had given him permission to use her car, but the owner testified that Bruno had fled with her
car without her permission. Bruno v. State, 845 S.W.2d 910, 911 (Tex. Crim. App. 1993). A plurality
of this Court determined that a mistake-of-fact instruction was "unnecessary" because the jury could
believe either Bruno or the owner, but not both. Id. at 913. This Court distinguished Bruno's case
from those in which an instruction was required by noting that those cases involved third parties. 
Id. This Court explained that, in third-party situations, an instruction on mistake of fact must be
given so that a jury has the opportunity to acquit a defendant if it determines that he reasonably
believed he had the consent of the owner based on a representation made to him by a third party. Id. 
Although the Fourteenth Court of appeals did not follow Bruno in this case, it did at one time. See
Hopson v. State, No. 14-08-00735-CR, 2009 Tex. App. LEXIS 2903, at *6-10 (Tex. App.Houston
[14th Dist.] Apr. 28, 2009, no pet.) (not designated for publication). Aside from the Fourteenth Court
of Appeals, only one other Texas intermediate court has followed Bruno. In Traylor v. State, the
Beaumont court of appeals held that the trial court properly refused to give a mistake-of-fact
instruction because it "was not necessary." 43 S.W.3d 725, 730-31 (Tex. App.Beaumont 2001,
no pet.) (holding defensive instruction that Traylor was mistaken about whether victim was police
officer was unnecessary because, to convict Traylor, jury had to find that he knew the victim was
police officer). Only one other court of appeals has applied Bruno, but it did so in an unpublished
decision and in the context of a harm analysis rather than an error analysis. Turner v. State, No.
04-03-00436-CR, 2004 Tex. App. LEXIS 7587, at *18 (Tex. App.San Antonio Aug. 25, 2004, no
pet.) (not designated for publication) (citing Bruno, 845 S.W.2d at 913).
6. See also Louis v. State, 393 S.W.3d 246, 253 (Tex. Crim. App.2012) (defendant entitled to
mistake-of-fact instruction when raised to negate transferred intent); Thompson v. State, 236 S.W.3d
787, 799-800 (Tex. Crim. App. 2007) (same); Granger v. State, 3 S.W.3d 36, 41 (Tex. Crim. App.
1999) ("When an accused creates an issue of mistaken belief as to the culpable mental element of
the offense, he is entitled to a defensive instruction of 'mistake of fact.'") (quoting Miller v. State,
815 S.W.2d 582, 585 (Tex. Crim. App. 1991)); Hill v. State, 765 S.W.2d 794, 795 n.2 (Tex. Crim.
App. 1989) ("Where a defense, such as mistake of fact, is enacted by the Legislature, the rule that
it is not error to deny a requested instruction where it is an affirmative submission of a defensive
issue which merely denies the existence of an essential element of the State's case becomes
inapplicable."); Knowles v. State, 672 S.W.2d 478, 480 (Tex. Crim. App. 1984) (because evidence
raised the defensive issue of mistake of fact, "it was reversible error to deny appellant's timely
request for a charge on" that defense); Sands v. State, 64 S.W.3d 488, 495-96 (Tex.
App.--Texarkana 2001, no pet.) ("Even if this [mistake-of-fact] instruction is repetitive to the
required proof that the jury find beyond a reasonable doubt that Sands intentionally and knowingly
committed this required element of the crime, this statute as interpreted by the Court of Criminal
Appeals requires that such an instruction be given to the jury.").
7. For example, in his closing argument, defense counsel stated, 

 

One thing that has been proven in this case beyond a reasonable doubt is that
[appellant] handled this money and acted in the circumstances in a totally
unreasonable way that lacks common sense even at a basic level. That's clear. . . . 
You can't intentionally or intend to act to defraud or harm another with currency that
you don't know is counterfeit.
8. Some evidence tended to show that appellant reasonably believed the bills were genuine. 
Testimony showed that these types of cash transactions were typical in Nigeria and that some of the
currency had been determined to be genuine when it was tested with a forgery-detection pen by a
store clerk.
9. We do not foreclose the possibility that an attorney could be ineffective by failing to request
the instruction under different circumstances or by failing to request an instruction to negate a
transferred-intent element. See Thompson, 236 S.W.3d at 799-800.